**ANDERSON, Appellee,**

v.

**SONOCO PRODUCTS COMPANY, Appellant.**

[Cite as *Anderson v. Sonoco Products Co.* (1996), 112 Ohio App.3d 305.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 95–CA–58.

Decided July 26, 1996.

*Jonathan A. Horwitz,* for appellee.

*Michael L. Squillace* and *Christopher L. Riegler,* for appellant.

---

FAIN, Judge.

Respondent-appellant Sonoco Products Company appeals from an order of the trial court denying its motion for default judgment, or, in the alternative, for the vacation of petitioner-appellee Johnnie Anderson's notice of voluntary dismissal, pursuant to Civ.R. 41(A). Sonoco had appealed to the trial court from a decision by the Industrial Commission that Anderson was entitled to participate in the Ohio Workers' Compensation Fund. Sonoco contends that the trial court erred by finding that Civ.R. 41(A) has application to a claimant-appellee who seeks to dismiss the action prior to trial. We agree. We conclude that Anderson's purported voluntary dismissal of the action was a nullity. However, we do not agree with Sonoco that it was entitled to default judgment. Anderson did not dismiss his complaint, but purported, instead, to dismiss the action. In our view, the trial court should have granted the alternative relief sought by Sonoco—the striking of Anderson's notice of voluntary dismissal. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

I

In 1994, the Industrial Commission of Ohio rendered a final decision that Anderson was entitled to participate in the Ohio Workers' Compensation Fund for an additional psychological condition. Sonoco appealed, pursuant to R.C. 4123.512. Anderson then filed a "complaint," with a jury demand.

About two weeks before the scheduled trial, at the time of the scheduled final pretrial conference, Anderson filed a "Notice of Voluntary Dismissal," the entire text of which reads as follows:

"Plaintiff, Johnnie Anderson, hereby gives notice to the Court and to Defendants, Bureau of Workers' Compensation, Industrial Commission, and Sonoco Products Company, of his voluntary dismissal of the captioned cause of action, without prejudice, pursuant to Rule 41(A)(1)(a) of the Ohio Rules of Civil Procedure."

Thereafter, Sonoco filed a motion for default judgment, or, in the alternative, to strike Anderson's notice of voluntary dismissal. The entire text of Sonoco's motion reads as follows:

"Defendant, Sonoco Products ('Sonoco'), requests this court to enter a default judgment against Plaintiff pursuant to Rule 55 of the Ohio Rules of Civil Procedure. In the alternative, Sonoco requests this court to strike plaintiff's voluntary dismissal filed on August 28, 1995, and to continue in effect all dates set by this court's pre-trial order of September 28, 1995. This motion is supported by the attached memorandum."

The trial court denied this motion in its entirety, concluding that Anderson had the right to voluntarily dismiss the action pursuant to Civ.R. 41(A)(1). From the order of the trial court denying its motion, Sonoco appeals.

Although it is not part of the record, the parties advised this court during oral argument that Anderson has refiled a complaint, and that this matter has been set for trial in September 1996 in the trial court.

## II

As a threshold matter, although neither party has questioned the jurisdiction of this court, we must consider whether the trial court's denial of Sonoco's motion is a final appealable order. In our view, the denial of a motion for a default judgment is not a final appealable order, but the question remains whether the denial of Sonoco's motion to strike Anderson's voluntary dismissal is a final appealable order.

An order is a final appealable order if it is "an order that affects a substantial right made in a special proceeding." R.C. 2505.02. A special proceeding is one that was not known to the common law or in equity. *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213. Workers' compensation appeals were not known to the common law or in equity. Therefore, a workers' compensation appeal is a special proceeding. When Sonoco filed its notice of appeal within sixty days of the final administrative decision of the Industrial Commission, Anderson had thirty days in which to file a petition setting forth his claim. R.C. 4123.512(D). With the answer filed by Sonoco, the matter would then be at issue in the trial court, and the trial of Anderson's right to participate would proceed much like an original action. However, in the meantime,

Anderson was receiving workers' compensation benefits. In the past, the employer would be entitled to recover from a fund maintained for that purpose any benefits found to have been wrongfully paid. However, the law was amended in October 20, 1993, as a result of which any benefits paid as a result of an order subsequently determined to have been erroneous may only be recouped by an offset against any future awards. R.C. 4123.511(J).

■ Anderson and Sonoco appear to agree that if Anderson may properly use Civ.R. 41(B)(1) to dismiss the action, he is nevertheless required to file his complaint within one year thereafter. However, in the meantime, Anderson will continue to receive benefits, which Sonoco may not be able to recoup. In our view, the order denying Sonoco's motion to strike Anderson's purported voluntary dismissal affected a substantial right of Sonoco, since it precluded meaningful relief from an allegedly unlawful order until the matter could be heard by the trial court following a refiling. Accordingly, we conclude that we have jurisdiction to review the order.

In *Keller v. LTV Steel Co.* (1996), 76 Ohio St.3d 55, 666 N.E.2d 225, the Supreme Court affirmed a decision of the Court of Appeals for Stark County dismissing an appeal for want of a final appealable order. In that case, as in the case before us, an employer appealed from an adverse decision of the Industrial Commission, and the employee, after filing the required petition, purported to dismiss the action. *Keller* appears to be distinguishable, however, in that the trial court had not ruled upon motions by the employer similar to the motions filed by Sonoco in the case before us. In fact, part of the Supreme Court's disposition of the cause was to remand the cause to the trial court for consideration of pending motions. In our case, the trial court has ruled upon Sonoco's motions, denying them.

### III

Sonoco's sole assignment of error is as follows:

"The trial court erred by allowing the appellee the use of Civ.R. 41(A) to dismiss his case since Civ.R. 41(A) is not available to a plaintiff in an action filed by an employer appealing an order of the Industrial Commission to the court of common pleas."

Sonoco cites *Rhynehardt v. Sears Logistics Serv.* (1995), 103 Ohio App.3d 327, 659 N.E.2d 375, for the proposition that Civ.R. 41(A)(1) is not available to permit an employee/claimant to voluntarily dismiss an action in a common pleas court resulting from an employer's appeal from an administrative decision that the employee is permitted to participate in the Ohio Workers' Compensation Fund. Anderson cites *Ross v. Wolf Envelope* (Aug. 2, 1990), Cuyahoga App. No. 57015,

unreported, 1990 WL 109082, for the contrary proposition. We find *Rhynehardt, supra,* to be more persuasive.

Civ.R. 41(A)(1) provides as follows:

"[A]n action may be dismissed by the plaintiff without order of court * * * by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant * * *."

The term "plaintiff" does not appear to be defined in the Ohio Rules of Civil Procedure, but is defined in Black's Law Dictionary (6 Ed.1990) 1050, as follows:

"A person who brings an action; the party who complains or sues in a personal action and is so named on the record."

■   Thus, a plaintiff is the party who brings the action, and, pursuant to Civ.R. 41(A)(1), the plaintiff may voluntarily dismiss the action once, without prejudice, at any time prior to the commencement of trial. Anderson contends that he is a plaintiff in this action, and he should therefore be permitted to file a voluntary notice of dismissal pursuant to Civ.R. 41(A)(1), since the statutory provision that requires him to file a petition, R.C. 4123.512(D), provides further that after the filing of his petition, "[f]urther pleadings shall be had in accordance with the Rules of Civil Procedure."

Sonoco, on the other hand, contends that Civ.R. 41(A)(1) does not apply because it, as the appellant, rather than Anderson, commenced the action. We agree with Sonoco.

R.C. 4123.512(D) provides as follows:

"Upon receipt of notice of appeal [from a decision of the Ohio Industrial Commission] the clerk of courts shall provide notice to all parties who are appellees and to the commission.

"The *claimant* shall, within thirty days after the filing of the notice of appeal, file a *petition* containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund, and setting forth the basis for the jurisdiction of the court over the action. * * *" (Emphasis added.)

■   Once an employer appeals from an adverse decision of the Ohio Industrial Commission, it is clear that the burden shifts to the claimant to establish entitlement to participate in the Ohio Workers' Compensation Fund. In effect, the claimant takes over the "action" and assumes the burden of prosecuting it. However, the action is initially brought by the employer, when it is an employer's appeal, by virtue of the filing of the notice of appeal. This statute does not refer to the employee as a "plaintiff," but as a "claimant." Furthermore, the statute

does not refer to the pleading required to be filed by the claimant as a "complaint," but as a "petition."

In our view, the use of the terms "claimant" and "petition" in the statute in contradistinction to the terms "plaintiff" and "complaint" is significant. It reflects the fact that the claimant is not a plaintiff in the ordinary sense of that word as being the person who brought the action. Where the employer has appealed, the employer has brought the action, although the burden of prosecuting that action immediately shifts to the claimant by virtue of the statute. Thus, in our view, the employee/claimant is not a "plaintiff" for purposes of Civ.R. 41(A)(1), and is not, therefore, entitled as a matter of right to dismiss the action without prejudice. Of course, either party may seek a continuance from the trial court if, on the eve of the trial, the exigencies of litigation require a continuance, and the decision whether to grant a continuance is reviewable upon an abuse-of-discretion standard of review.

We find compelling the analogy alluded to by Judge Strausbaugh in *Rhynehardt v. Sears Logistic Services, supra.* Judge Strausbaugh referred to the exception to the plaintiff's right to voluntary dismissal without prejudice set forth in Civ.R. 41(A)(1), where there is a counterclaim that cannot remain pending for independent adjudication. Judge Strausbaugh found this analogous to the situation where an employee/claimant wishes to voluntarily dismiss his petition required by R.C. 4123.512, because the employer's appeal, which the employee/claimant obviously cannot dismiss, is incapable of being adjudicated independently of the employee/claimant's claim of entitlement to workers' compensation benefits set forth in the petition. The key fact distinguishing these cases from others is the fact that the employee/claimant has not brought the action when the employer has filed the appeal. Where the employer files an appeal in a common pleas court, we hold that the employee/claimant is not a "plaintiff" for purposes of Civ.R. 41(A)(1).

Although not raised in its assignment of error, Sonoco contends that the trial court erred by denying its motion for default judgment. We disagree. Anderson purported to dismiss the *action,* not his petition filed pursuant to R.C. 4123.512(D). While we agree with Sonoco that Anderson's purported voluntary dismissal of the action was a nullity, that only entitles Sonoco to the striking of Anderson's purported voluntary dismissal, not to default judgment.

Sonoco's sole assignment of error is sustained.

### IV

Sonoco's sole assignment of error having been sustained, the judgment of the trial court from which this appeal is taken is reversed, and this cause is remanded

with directions to strike Anderson's purported voluntary dismissal of his petition filed pursuant to R.C. 4123.512(D).

*Judgment reversed*
*and cause remanded.*

WOLFF and GRADY, JJ., concur.