[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 361.]

ROBINSON, APPELLEE, *v.* B.O.C. GROUP, GENERAL MOTORS CORPORATION, APPELLANT.

[Cite as *Robinson v. B.O.C. Group Gen. Motors Corp.*, 1998-Ohio-432.]

*Workers' compensation—When employer has appealed Industrial Commission decision to common pleas court under R.C. 4123.512, court may subsequently grant a motion to voluntarily dismiss employee's complaint without prejudice under Civ.R. 41(A)(2).*

When an employer has appealed a decision of the Industrial Commission to a court of common pleas under R.C. 4123.512, the court of common pleas may subsequently grant a motion to voluntarily dismiss the employee's complaint without prejudice under Civ.R. 41(A)(2).

(Nos. 96-2634 and 96-2778—Submitted January 13, 1998—Decided April 8, 1998.)

APPEAL from and CERTIFIED by the Court of Appeals for Trumbull County, No. 96-T-5419.

_____

{¶ 1} In July 1989, claimant-appellee, Lester L. Robinson, Jr., then an employee of appellant, B.O.C. Group, General Motors Corporation ("GM"), filed an application for workers' compensation benefits with the Industrial Commission of Ohio ("commission"). In July 1990, a district hearing officer allowed the claim, finding that claimant contracted "small airway disease secondary to fume exposure" during the course of his employment with GM. This order was affirmed administratively.

{¶ 2} On November 1, 1991, GM filed a notice of appeal to the Trumbull County Court of Common Pleas. Claimant then filed a complaint, alleging that he was entitled to participate in the State Insurance Fund because he had contracted an

occupational disease in the course of his employment with GM. Both GM's appeal and claimant's complaint were filed pursuant to, and in accordance with, former R.C. 4123.519. Effective October 20, 1993, former R.C. 4123.519 was amended and renumbered R.C. 4123.512.

{¶ 3} On October 27, 1994, claimant filed an entry of dismissal without prejudice pursuant to Civ.R. 41(A), which the trial judge signed. On January 23, 1995, GM filed a motion to dismiss the action with prejudice for failure to prosecute pursuant to Civ.R. 41(B)(1), on the basis that "[p]laintiff had no right to voluntarily dismiss his Complaint pursuant to Ohio Civil Rule 41(A)(1)." On September 15, 1995, the trial court dismissed the case under Civ.R. 41(B)(1) for failure to prosecute.

{¶ 4} On October 2, 1995, claimant refiled his complaint. On January 5, 1996, GM again filed a motion to dismiss under Civ.R. 41(B)(1) and, on January 19, 1996, the trial court ordered the clerk to serve counsel for all parties with the previous judgment of dismissal in favor of GM.

{¶ 5} The court of appeals reversed the judgment of the trial court and held that "the claimant in a workers' compensation action is allowed to invoke the procedure under Civ.R. 41(A) because the voluntary dismissal of the complaint does not directly conflict with any procedure set forth in R.C. 4123.512." The court also found that claimant's October 27, 1994 voluntary dismissal was effectuated under Civ.R. 41(A)(2), by order of court, rather than under Civ.R. 41(A)(1)(a), by notice of dismissal.

{¶ 6} In a subsequent entry, the appellate court granted GM's motion to certify the record on the basis that its opinion and judgment conflict with that of the Court of Appeals for Franklin County in *Rhynehardt v. Sears Logistics Services* (1995), 103 Ohio App.3d 327, 659 N.E.2d 375.

{¶ 7} On January 29, 1997, this court allowed a discretionary appeal in case No. 96-2634, determined that a conflict exists in case No. 96-2778, and *sua sponte*

2

consolidated the two causes.

_____

*Gemma & Gemma* and *Anthony N. Gemma*, for appellee.

*Vorys, Sater, Seymour & Pease* and *F. Daniel Balmert*, for appellant.

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy*, urging affirmance for *amicus curiae*, Ohio Academy of Trial Lawyers.

*Reminger & Reminger Co., L.P.A.,* and *William R. Thomas*, urging reversal for *amicus curiae*, ABF Freight System, Inc.

*Vorys, Sater, Seymour & Pease, Robert A. Minor* and *Robin R. Obetz*, urging reversal for *amici curiae*, Ohio Manufacturers' Association and Ohio Self-Insurers' Association.

_____

**ALICE ROBIE RESNICK, J.**

{¶ 8} The issue certified is as follows:

"When an employer has appealed a decision of the Industrial Commission to a court of common pleas under R.C. 4123.512, can the court of common pleas subsequently grant a motion to voluntarily dismiss the employee's complaint without prejudice under Civ.R. 41(A)(2)?"

{¶ 9} R.C. 4123.512(A) provides that "[t]he claimant or the employer may appeal an order of the industrial commission * * * to the court of common pleas * * *."

{¶ 10} R.C. 4123.512(D) provides:

"The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. Further pleadings shall be had in accordance with the Rules of Civil Procedure, provided that service of summons on such petition shall not be required. * * * The court, or

the jury * * *, shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of the action."

{¶ 11} Civ. R. 41(A)(1) provides that "an action may be dismissed by the plaintiff without order of court * * *."

{¶ 12} Civ.R. 41(A)(2) provides:

"Except as provided in subsection (1) an action shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

{¶ 13} In *Lewis v. Connor* (1985), 21 Ohio St.3d 1, 21 OBR 266, 487 N.E.2d 285, at the syllabus, the court held:

"Where a notice of appeal is filed within the time prescribed by R.C. 4123.519 [now R.C. 4123.512] and the action is dismissed without prejudice after expiration of that time, R.C. 2305.19, the savings statute, is applicable to workers' compensation complaints filed in the common pleas court."

{¶ 14} Claimant reads *Lewis* as providing that "[w]here the claimant timely files his complaint (petition) as required by [R.C.] 4123.512, and thereafter voluntarily dismisses such complaint, claimant is * * * entitled to refile his complaint within one year of the dismissal." To the extent that claimant seeks to bring the facts of the present case within the purview of the holding in *Lewis*, we disagree.

{¶ 15} Unlike the present case, the *claimant* in *Lewis* appealed the commission's order to the common pleas court, and the court dismissed claimant's complaint without prejudice due to failure of claimant's counsel to attend a pretrial

4

conference. It is true that the syllabus in *Lewis* is broader than its facts, since, by its terms, it permits the refiling of a complaint without regard to who filed the appeal or whether the claimant initiated the dismissal. However, despite the broadness of the syllabus language, it cannot fairly be said that the court in *Lewis* gave any consideration to the issue certified in the case *sub judice*.

{¶ 16} The certified issue has not been directly addressed by this court. The First, Second, and Tenth District Courts of Appeals have concluded that Civ.R. 41(A) does not apply to a workers' compensation claimant in a case appealed by the employer under R.C. 4123.512 or former R.C. 4123.519. *Rhynehardt; Richwalsky v. ABF Freight Sys., Inc.* (Sept. 18, 1996), Hamilton App. No. C-960064, unreported, 1996 WL 526695, appeal pending in case No. 96-2442; *Anderson v. Sonoco Products Co.* (1996), 112 Ohio App.3d 305, 310-311, 678 N.E.2d 631, 634-635.

{¶ 17} In a series of cases, the Eighth District Court of Appeals has held to the contrary. *Rice v. Stouffer Foods Corp.* (Nov. 6, 1997), Cuyahoga App. No. 72515, unreported, 1997 WL 691156; *Schade v. Ohio Bur. of Workers' Comp.* (1997), 117 Ohio App.3d 857, 691 N.E.2d 772; *Moore v. Trimble* (Aug. 15, 1996), Cuyahoga App. No. 67895, unreported, 1996 WL 465383; *Ross v. Wolf Envelope Co.* (Aug. 2, 1990), Cuyahoga App. No. 57015, unreported, 1990 WL 109082.

{¶ 18} In lining up on one or the other side of the issue, the following inquiries are presented: (1) whether the pleading that claimant is required to file in the common pleas court is a "petition" or a "complaint"; (2) whether it is the filing of the notice of appeal by the employer or the filing of the petition/complaint by the claimant that "commences" the action; (3) whether the claimant should be considered the "plaintiff" in the action; (4) whether the employer's appeal should be analogized to a "counterclaim" that cannot be independently adjudicated; and (5) whether application of Civ.R. 41(A) alters or defeats the basic purpose of R.C. 4123.512. See, also, *Keller v. LTV Steel Co.* (1996), 76 Ohio St.3d 55, 666 N.E.2d

225 (Lundberg Stratton, J., dissenting).

{¶ 19} All these questions are a necessary and unavoidable consequence of the symbiotic relationship that the General Assembly has created between R.C. 4123.512 and the Civil Rules. Although these inquiries tend to overlap and merge in application, they will be considered separately for purposes of analysis.

I

*Petition/Complaint*

{¶ 20} The inquiry into whether the claimant's initial pleading under R.C. 4123.512 is properly denominated a "petition" or a "complaint" is a misdirected question. The term "petition," as used in R.C. 4123.512, has no special significance and possesses no unique value. For purposes of the Civil Rules, the pleading that R.C. 4123.512 names a petition is a complaint. R.C. 4123.512's use of the word "petition" in no way affects the operation or applicability of Civ.R. 41(A). *Zuljevic v. Midland-Ross Corp.* (1980), 62 Ohio St.2d 116, 118, 16 O.O.3d 140, 141, 403 N.E.2d 986, 987; Staff Notes to Civ.R. 8(A); Young's Workmen's Compensation Law of Ohio (2 Ed.1971) 214, 216, Section 11.20.

II

*Commencement of Action*

{¶ 21} According to one view, "Civ.R. 41(A) applies only to those who *commence* the action and the claimant was not the one who commenced the action." (Emphasis *sic*.) *Keller,* 76 Ohio St.3d at 55, 666 N.E.2d at 225 (Lundberg Stratton, J., dissenting). Similarly, GM argues that "[t]he employer commenced the proceeding and * * * it is not the claimant's case to dismiss."

{¶ 22} *Amicus curiae* Ohio Academy of Trial Lawyers ("OATL") argues that the action is commenced by the filing of the complaint, rather than by the notice of appeal. In support, it refers to Civ.R. 3, which provides that "[a] civil action is commenced by filing a complaint with the court."

{¶ 23} R.C. 4123.512(A) governs who may appeal an order of the Industrial

Commission, which court has jurisdiction, and when the appeal must be filed. The last sentence of the first paragraph of R.C. 4123.512(A) reads: "The filing of the notice of the appeal with the court is the only act required to perfect the appeal." The second paragraph of R.C. 4123.512(A) begins, "[i]f an action has been commenced * * *."

{¶ 24} The requirement that the claimant must file a petition first appears in R.C. 4123.512(D). When "the employer appeals, the purpose of requiring a petition by the claimant is to give orderliness to the appellate proceeding." *Singer Sewing Machine Co. v. Puckett* (1964), 176 Ohio St. 32, 37, 26 O.O.2d 303, 305, 197 N.E.2d 353, 356.

{¶ 25} It seems reasonably clear that the General Assembly contemplated that the filing of the notice of appeal, not the complaint, commences the action. Contrary to OATL's position, "the statutory requirement of a notice of appeal is essential to the commencement of the action and it takes precedence over Rule 3(A) which defines commencement as the filing of a complaint with the court." Young's Workmen's Compensation Law of Ohio, at 214, Section 11.20. Accordingly, it is the employer, not the claimant, who has commenced the action pursuant to R.C. 4123.512.

{¶ 26} This does not mean, however, that the claimant may not dismiss the action. It is not true that "Civ.R. 41(A) applies only to those who commence the action" or that "it is not the claimant's case to dismiss." There is nothing in Civ.R. 41(A) that purports to limit its application to those who commence the action or that makes dismissal contingent upon commencement. Indeed, the word "commence" is nowhere to be found in Civ.R. 41(A).

{¶ 27} An action is a "claim for relief." Staff Notes to Civ.R. 8(A). In the usual civil case, the party commencing the action is the one presenting a claim for relief. Thus, in the usual civil case, it would be accurate to conclude that Civ.R. 41(A) applies to those who commence the action.

**{¶ 28}** However, R.C. 4123.512 is a special statutory proceeding that creates a unique situation in which the party commencing the action is not presenting a claim for relief. When an employer appeals the commission's allowance of a claim pursuant to R.C. 4123.512, the employer is not presenting a claim for relief. A notice of appeal filed by the employer pursuant to R.C. 4123.512 is no more a claim for relief than it is a request for "affirmative relief" or a "demand for judgment." *Zuljevic,* 62 Ohio St.2d at 119, 16 O.O.3d at 142, 403 N.E.2d at 988, fn. 2.

**{¶ 29}** Regardless of who files the notice of appeal, the action belongs to the claimant. It is the claimant who must "file a petition * * * showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action." R.C. 4123.512(D). It is the claimant who must plead all "the jurisdictional facts, i.e., injury in the course of and arising out of employment, disability, causal relationship, the filing of a claim, the required administrative processing terminating in an appealable order and the venue, situs of the injury or contract." Young's Workmen's Compensation Law, at 213, Section 11.20.

**{¶ 30}** It is also the claimant's burden to prove all these facts. As the court explained in *Zuljevic,* 62 Ohio St.2d at 118, 16 O.O.3d at 141-142, 403 N.E.2d at 988:

"It has been held that a claimant has both the burden of going forward with evidence and the burden of proof at the hearing before the common pleas court. * * * Thus, where an employer appeals an unfavorable administrative decision to the court the claimant must, in effect, re-establish his workers' compensation claim to the satisfaction of the common pleas court [or jury] even though the claimant has previously satisfied a similar burden at the administrative level." (Citations omitted.) See, also, Fulton, Ohio Workers' Compensation Law (1991) 267, Section 12.6. Thus, "a claimant must again substantiate *his claim* in order to refute an

employer's appeal." (Emphasis added.) *Youghiogheny & Ohio Coal Co. v. Mayfield* (1984), 11 Ohio St.3d 70, 72, 11 OBR 315, 316, 464 N.E.2d 133, 135.

{¶ 31} In *Price v. Westinghouse Elec. Corp.* (1982), 70 Ohio St.2d 131, 24 O.O.3d 237, 435 N.E.2d 1114, the court held Civ.R. 56 applicable to proceedings brought under former R.C. 4123.519. In *Price*, the employer appealed the commission's decision to the court of common pleas, and we noted that Civ.R. 56(B) was applicable to these proceedings. *Id.*, 70 Ohio St.2d at 132, 24 O.O.3d at 238, 435 N.E.2d at 1115, fn. 1. Civ.R. 56(B) makes summary judgment available to "[a] party *against whom* a claim * * * is asserted," while Civ.R. 56(A) makes summary judgment available to "[a] party seeking to recover upon a claim." (Emphasis added.)

{¶ 32} Clearly, this court has consistently found that in an employer-initiated R.C. 4123.512 appeal, it is the claimant, not the employer, who presents a claim for relief. Accordingly, the fact that GM commenced the instant action in the common pleas court does not preclude claimant from voluntarily dismissing it pursuant to Civ.R. 41(A). Indeed, it would be quite anomalous to preclude claimant access to Civ.R. 41(A) on the basis that he did not commence the action. The cause is presently before this court precisely because it was dismissed by the trial court pursuant to Civ.R. 41(B)(1), on the basis that claimant failed to prosecute the action. Yet, the party who is required to prosecute the action under Civ.R. 41(B)(1) (and to show a "right to relief" under [B][2]) is the same person to whom Civ.R. 41(A) gives the right to dismiss the action. If the right to dismiss is contingent upon commencement, so is the duty to prosecute. It is inconsistent to withhold from claimant the voluntary dismissal provisions of Civ.R. 41(A), on the basis that it is *not* his action to dismiss, yet apply against claimant the involuntary dismissal provisions of Civ.R. 41(B), on the basis that it *is* claimant's action to prosecute.

III

*Claimant as Plaintiff*

**{¶ 33}** The assertion that a claimant is not a plaintiff in an employer-initiated R.C. 4123.512 appeal is based on two arguments: (1) the claimant is not the one who brought the action, and (2) the claimant is an appellee.

**{¶ 34}** The first argument is a restated version of the commencement argument, and fails for essentially the same reasons. The claimant files a complaint, pleads all jurisdictional facts, presents a claim for relief, appears in the caption of the complaint as a plaintiff, opens and closes the case, has the burden of production and persuasion, and has the duty to prosecute the action. A trial *de novo* takes place in the common pleas court within the traditional framework of civil trials, and the claimant is required to take all affirmative steps necessary to have his or her claim litigated.

**{¶ 35}** Also, as pointed out with respect to the commencement argument, the ruling giving rise to the present appeal is the trial court's granting of GM's motion pursuant to Civ.R. 41(B)(1). Civ.R. 41(B)(1) authorizes the court to involuntarily dismiss an action or claim "[w]here the *plaintiff* fails to prosecute." (Emphasis added.) This is the same plaintiff to whom Civ.R. 41(A) grants the right of voluntary dismissal. Thus, for purposes of Civ.R. 41, the claimant in an employer-initiated R.C. 4123.512 appeal is the plaintiff.

**{¶ 36}** As to the second argument, the fact that claimant is denominated an appellee under R.C. 4123.512 does not detract from his or her status as a plaintiff for purposes of Civ.R. 41. "The appeal authorized by R.C. 4123.519 is unique in that it is considered a trial *de novo*." *Youghiogheny & Ohio Coal Co.,* 11 Ohio St.3d at 71, 11 OBR at 316, 464 N.E.2d at 134. It necessitates a new trial, without reference to the administrative claim file or consideration of the results of the administrative hearings. *Valentino v. Keller* (1969), 17 Ohio St.2d 21, 46 O.O.2d 194, 244 N.E.2d 750; Young's Workmen's Compensation Law, at 217, Section 11.20. It is not a record review or an error proceeding. Instead, "[t]he court, or the jury under the instructions of the court, if a jury is demanded, shall determine the

right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of the action."  R.C. 4123.512(D).

{¶ 37} In a particularly poignant analysis, the Court of Appeals for Franklin County, in *Marcum v. Barry* (1991), 76 Ohio App.3d 536, 539-540, 602 N.E.2d 419, 421-422, explained as follows:

"Although labeled an appeal and commenced initially by the filing of a notice of appeal, the action in the common pleas court under R.C. 4123.519 seeking a redetermination of a decision of the Industrial Commission is not a traditional error proceeding[ ] * * *.  R.C. 4123.519 contemplates not only a full and complete *de novo* determination of both facts and law but also contemplates that such determination shall be predicated not upon the evidence adduced before the Industrial Commission but, instead, upon evidence adduced before the common pleas court as in any civil action, which may involve a jury trial if demanded.  The proceedings are *de novo* both in the sense of receipt of evidence and determination.  The common pleas court, or the jury if it be the factual determiner, makes the determination *de novo* without consideration of, and without deference to, the decision of the Industrial Commission.  R.C. 4123.519 contemplates a full *de novo* hearing and determination. * * *

"* * * With respect to an R.C. 4123.519 appeal, there are no words such as 'review, affirm, modify, or reverse' as are contained in R.C. 2505.02, nor even the word 'affirm' or the words 'reverse, vacate, or modify' as set forth in R.C. 119.12 with respect to administrative appeals generally.  Rather, the express language of R.C. 4123.519 is that contained in division (C) [now section (D) of R.C. 4123.512] that the court or jury shall 'determine the right of the claimant to participate or to continue to participate in the fund *upon the evidence adduced at the hearing of the action*.'  (Emphasis added.)"  (Citations omitted.)

{¶ 38} Thus, when the employer appeals the allowance of a workers' compensation claim pursuant to R.C. 4123.512, the claimant is a plaintiff in the

common pleas court proceedings.

IV

*The Counterclaim Analogy*

**{¶ 39}** GM argues that permitting the claimant to dismiss under Civ.R. 41(A) effectively nullifies the employer's right to appeal. In support, GM relies on *Rhynehardt* and *Anderson* for the proposition that "an employer's appeal under Ohio Rev. Code §4123.512 cannot be resolved when a claimant voluntarily dismisses his petition."

**{¶ 40}** The court in *Rhynehardt* reasoned that:

"While it is not completely on point, we find the present scenario to be persuasively analogous to the situation in which a Civ.R. 41(A)(1)(a) dismissal is expressly inapplicable, namely, when there is a counterclaim that cannot be independently adjudicated. The employer's appeal cannot be heard independent of the adjudication of the claimant's complaint." *Id.*, 103 Ohio App.3d at 332, 659 N.E.2d at 378.

**{¶ 41}** The court in *Anderson* agreed "because the employer's appeal, which the employee/claimant obviously cannot dismiss, is incapable of being adjudicated independently of the employee/claimant's claim of entitlement to Workers' Compensation benefits set forth in the petition."

**{¶ 42}** By its terms, Civ.R. 41(A)(2) is also inapplicable where a counterclaim is pleaded that cannot remain pending for independent adjudication. However, the analogy is fundamentally flawed. A counterclaim is "[a] pleading that sets forth a claim for relief." Civ.R. 8(A). As previously mentioned with respect to the commencement argument, a notice of appeal filed by the employer pursuant to R.C. 4123.512 is no more a claim for relief than it is a request for affirmative relief or a demand for judgment. *Zuljevic,* 62 Ohio St.2d at 119, 16 O.O.3d at 142, 403 N.E.2d at 988, fn. 2.

**{¶ 43}** Thus, as stated by the court of appeals, "the foregoing logic is not

persuasive because an employer's appeal in a workers' compensation case is not analogous to a counterclaim in a civil action."

V

*Alteration of Statutory Purpose*

{¶ 44} Civ.R. 1(C) provides, in pertinent part:

"These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (7) in all other special statutory proceedings; provided, that where any statute provides for procedure by a general or specific reference to all the statutes governing procedure in civil actions such procedure shall be in accordance with these rules."

{¶ 45} In *Price v. Westinghouse Elec. Corp.* (1982), 70 Ohio St.2d 131, 132, 24 O.O.3d 237, 238, 435 N.E.2d 1114, 1115, the court explained:

"Civ.R. 1 is clearly a rule of inclusion rather than exclusion. * * * To the extent that the issue in question is procedural in nature, the Civil Rules should apply unless they are 'clearly inapplicable.' * * *

"* * * Moreover, it is clear that in certain instances some of the Civil Rules will be applicable while others will be clearly inapplicable." (Citations omitted.) See, also, Staff Notes (1970) to Civ.R. 1(C).

{¶ 46} A Civil Rule is clearly inapplicable " 'only when [its] use will alter the basic statutory purpose for which the specific procedure was originally provided in the special statutory action.' " *Id.*, 70 Ohio St.2d at 133, 24 O.O.3d at 239, 435 N.E.2d at 1116, quoting *State ex rel. Millington v. Weir* (1978), 60 Ohio App.2d 348, 349, 14 O.O.3d 310, 311, 397 N.E.2d 770, 772.

{¶ 47} GM and the *amici* in support argue that the application of Civ.R. 41(A) would allow claimants to arbitrarily delay the proceedings for perhaps an additional one or two years, during which time they will continue to receive or pursue disputed compensation and benefits which the employer or the fund may not be able to recoup. Thus, Civ.R. 41(A), if applied to an employer's appeal under

R.C. 4123.512, would alter the basic statutory purpose of such an appeal, which is to provide for a speedy and inexpensive remedy, and is clearly inapplicable.

{¶ 48} As presented, the argument is directed at the applicability of Civ.R. 41(A) as a whole, rather than at the applicability of Civ.R. 41(A)(2) in particular, and draws support from cases that involve dismissals under Civ.R. 41(A)(1)(a). However, the issue certified in this case, and the only issue properly before the court at this time, is limited to the applicability of Civ.R. 41(A)(2).

{¶ 49} Whatever reasoning may be advanced as justification for denying a claimant the unilateral ability to dismiss his or her action loses its potency with respect to dismissals under Civ.R. 41(A)(2). The claimant has no ability under Civ.R. 41(A)(2) to arbitrarily delay the adjudication of the common pleas court proceedings. Civ.R. 41(A)(2) bestows no right or power of decision upon the claimant. To the contrary, it provides that "an action shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper."

{¶ 50} Civ.R. 41(A)(2), therefore, forces a judicial determination as to the propriety of the dismissal prior to its effectuation. In considering whether to grant the dismissal under Civ.R. 41(A)(2), the trial court is able to assess the claimant's reasons for dismissal and to gauge whether, and to what extent, the claimant stands to receive more compensation or benefits at the time the dismissal is sought. Thus, the employer's right to an expeditious appeal would not be altered by the claimant's use of Civ.R. 41(A)(2).

{¶ 51} Moreover, the result urged by GM is that the dismissal without prejudice here operates as the summary destruction of claimant's complaint. "This result is both anomalous and fundamentally unfair." *Lewis,* 21 Ohio St.3d at 3, 21 OBR at 267, 487 N.E.2d at 287.

{¶ 52} In accordance with all the foregoing, we answer the certified issue in the affirmative, and hold that when an employer has appealed a decision of the

14

Industrial Commission to a court of common pleas under R.C. 4123.512, the court of common pleas may subsequently grant a motion to voluntarily dismiss the employee's complaint without prejudice under Civ.R. 41(A)(2).

{¶ 53} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 54} The claimant in this case presents himself as a "plaintiff" and asserts that he has the right to dismiss his petition under Civ.R. 41(A). Because I would find that in an appeal perfected by an employer pursuant to R.C. 4123.512, a claimant may not voluntarily dismiss his or her petition pursuant to Civ.R. 41(A), I respectfully dissent for the following three reasons.

{¶ 55} First, a claimant is not similarly situated to a traditional plaintiff because the claimant is not the one who *commences* this action. When the employer *appeals* a workers' compensation decision, the claimant is required to file a *petition* (not a complaint) *in response* to a notice of appeal filed by the employer. See *Keller v. LTV Steel Co.* (1996), 76 Ohio St.3d 55, 666 N.E.2d 225 (Lundberg Stratton, J., dissenting). The trial *de novo* issue is merely a statutory delegation of the burden of proof upon appeal. The majority ignores the fact that the claimant continues to receive benefits while having to reestablish his or her right to these benefits.

{¶ 56} In *Anderson v. Sonoco Products Co.* (1996), 112 Ohio App.3d 305, 310-311, 678 N.E.2d 631, 634-635, the court emphasized the importance of the language of R.C. 4123.512:

"[T]he action is initially brought by the employer, when it is an employer's appeal, by virtue of the filing of the notice of appeal. This statute does not refer to the employee as a 'plaintiff,' but as a 'claimant.' Furthermore, the statute does not

refer to the pleading required to be filed by the claimant as a 'complaint,' but as a 'petition.'

"In our view, the use of the terms 'claimant' and 'petition' in the statute in contradistinction to the terms 'plaintiff' and 'complaint' is significant. It reflects the fact that the claimant is not a plaintiff in the ordinary sense of that word as being the person who brought the action. Where the employer has appealed, the employer has brought the action, although the burden of prosecuting that action immediately shifts to the claimant by virtue of the statute. Thus, in our view, the employee/claimant is not a 'plaintiff' for purposes of Civ.R. 41(A)(1), and is not, therefore, entitled as a matter of right to dismiss the action without prejudice."

{¶ 57} Second, this claimant is not similarly situated to a traditional plaintiff because a traditional plaintiff has not yet received any award and therefore does not want delay. In an employer's R.C. 4123.512 appeal, the commission has already awarded the claimant benefits and the claimant is receiving those benefits. The majority's holding today encourages delay and abuse of Civ.R. 41(A). It allows the claimant to wait as long as possible and then dismiss the case, wait one year and refile, or never refile at all, in order to continue to receive payments for a claim that the employer is challenging. Even though the majority limits the dismissals to Civ.R. 41(A)(2), which would provide for some judicial control over dismissal of the case, the trial judge nevertheless lacks control over whether the claimant refiles. The employer has no mechanism to force the claimant to promptly refile his or her case; the employer simply must wait for the claimant to make the next move, no matter how long. If the claimant never refiles, does the employer file a motion after one year to dismiss a case *already dismissed* in order to bring closure to the claimant's failure to pursue what was the employer's appeal?

{¶ 58} Third, this claimant is not similarly situated to a traditional plaintiff because the claimant, having already been awarded benefits at the commission level, is not required to pay back the benefits received, regardless of the outcome

of the case. The claimant will continue to receive benefits after failure to refile the case in one year until a court ruling that would somehow bring closure to this "dismissed" appeal.

{¶ 59} In conclusion, to permit a claimant to unilaterally dismiss the employer's appeal under Civ.R. 41(A) to delay or thwart the rights of an employer that is contesting the findings of the Industrial Commission defeats the purpose of the appeals process and is an abuse of Civ.R. 41(A). *Keller*, 76 Ohio St.3d at 55-56, 666 N.E.2d at 225 (Lundberg Stratton, J., dissenting). Further, permitting this dismissal frustrates the statutory purpose of R.C. 4123.512. Thus, I agree with the rationale in *Anderson* and would hold that when the employer files an appeal in a common pleas court pursuant to R.C. 4123.512, the employee/claimant is not a "plaintiff" for purposes of Civ.R. 41(A) and may not voluntarily dismiss the case without prejudice. Accordingly, I respectfully dissent.

_____

**COOK, J., dissenting.**

{¶ 60} For the reasons set forth in Justice Stratton's dissenting opinion, I too must respectfully dissent. I write separately only to complement her analysis.

{¶ 61} Justice Stratton's first reason for dissenting tracks the analysis set forth by Judge Fain in *Anderson v. Sonoco Products Co.* (1996), 112 Ohio App.3d 305, 678 N.E.2d 631. Judge Fain, writing for a majority of the court, interpreted Civ.R. 41(A) to exclude an employee/claimant to an employer's R.C. 4123.512 appeal from having the right of voluntary dismissal. Judge Fain based that interpretation on the differing terms used in Civ.R. 41(A) and in R.C. 4123.512. In an R.C. 4123.512 appeal, the employee is titled a "claimant" and the pleading that he or she files is titled a "petition." As an R.C. 4123.512 claimant to an employer's appeal, an employee does not initiate the action by filing the petition. Instead, the action is initiated by the employer's filing of an appeal. Common definition of the term "plaintiff," which contemplates only the party who initiates an action,

17

therefore excludes the R.C. 4123.512 claimant as a person who may invoke a Civ.R. 41(A) dismissal. *Id.* at 309-311, 678 N.E.2d 634-635.

{¶ 62} Justice Stratton's remaining reasons for finding Civ.R. 41(A) inapplicable to employer appeals under R.C. 4123.512 find support in Civ.R. 1(C), which states:

"These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (7) in all other special statutory proceedings."

{¶ 63} This court has interpreted that rule to mean that " '[t]he civil rules should be held to be clearly inapplicable only when their use will alter the basic statutory purpose for which the specific procedure was originally provided in the special statutory action.' " *Price v. Westinghouse Elec. Corp.* (1982), 70 Ohio St.2d 131, 133, 24 O.O.3d 237, 239, 435 N.E.2d 1114, 1116, quoting *State ex rel. Millington v. Weir* (1978), 60 Ohio App.2d 348, 349, 14 O.O.3d 310, 311, 397 N.E.2d 770, 772.

{¶ 64} Because the employer's challenge under R.C. 4123.512 is in the nature of an appeal and the employee/claimant continues to receive benefits until the claim is disallowed, a voluntary dismissal under Civ.R. 41(A) permits the employee/claimant a strategic hedge. Even if the appealing employer ultimately succeeds on appeal, an employee/claimant may substantially extend his or her benefit period by invoking Civ.R. 41(A). Accordingly, use of Civ.R. 41(A) in an R.C. 4123.512 employer's appeal alters the basic statutory purpose for which the specific procedure was originally provided in the special statutory action — that being prompt resolution of a challenge to the employee/claimant's right to participate in the State Insurance Fund. By limiting the employee/claimant's ability to voluntarily dismiss to the procedure set forth in Civ.R. 41(A)(2), the majority does not remove this incompatibility. The delay occasioned by a voluntary dismissal, even where some control is retained by the court, is simply at odds with

an R.C. 4123.512 appeal.

{¶ 65} Accordingly, I too would answer the certified question in the negative and reverse the judgment of the appellate court.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

_____