OPINION
Plaintiff-Appellant, Rebekah Miller, brings this appeal from a decision by the Court of Common Pleas of Defiance County to grant summary judgment in favor of Defendant-Appellee, Jeffrey Strausbaugh. Finding none of Appellant's arguments meritorious, we affirm the judgment of the trial court.
On October 29, 1999, Appellant filed a complaint pursuant to R.C. 309.05
for the removal Appellee as the prosecuting attorney in Defiance County. In her complaint, which consisted of eighty-three lengthy allegations and approximately seventy-seven attached exhibits, Appellant cited numerous incidents of willful and wanton neglect of duty and/or gross misconduct in office on the part of Appellee. Some of these allegations were connected to Appellee's behavior during the 1993 criminal investigation and prosecution of Appellant's husband, Donald K. Miller. To date, Miller stands convicted of one count of rape and nine counts of sexual battery, charges that stem from his position as the minister of the Word of Life Church, a Pentecostal church in Defiance, Ohio.
On November 24, 1999, Appellee filed a motion to dismiss the complaint pursuant to Civ.R. 41(B)(1) for Appellant's failure to comply with Civ.R. 8(A) in that the pleading did not constitute a "short and plain statement of the claim". The court granted the motion, dismissed the complaint, and ordered Appellant to file an amended pleading. Appellant filed the amended complaint on January 12, 2000. Appellee filed an answer and the case proceeded to the discovery phase.
In the meantime, Appellant filed a motion on June 30, 2000, requesting the court to issue an order to disclose the testimony presented to the Defiance County Grand Jury with regard to the case against Donald Miller. Although Appellant claimed that she could demonstrate a "particularized need" for the transcripts, the court denied the motion by way of entry dated September 6, 2000.
Thereafter, on October 16, 2000, Appellee filed a motion for summary judgment pursuant to Rule 56 of the Ohio Rules of Civil Procedure, arguing that a genuine issue of material fact did not exist as to any of the allegations contained in Appellant's complaint. Appellant filed a memorandum in opposition to the motion, however, the trial court agreed with Appellee's assertions and granted summary judgment in an order issued on December 12, 2000. This timely appeal followed.
In her first assignment of error, Appellant essentially complains that the trial court erred in applying Rule 56 of the Ohio Rules of Civil Procedure to an action brought under R.C. 309.05, which is considered a "special proceeding." We disagree.
Civil Rule 1(C)(7) states that "to the extent that they would by their nature be clearly inapplicable", the Ohio Rules of Civil Procedure generally do not apply in special proceedings. The Ohio Supreme Court has stated that "Civ.R. 1 is clearly a rule of inclusion rather than exclusion. * * * To the extent that the issue in question is procedural in nature, the Civil Rules should apply unless they are `clearly inapplicable.'" Robinson v. B.O.C. Group (1998), 81 Ohio St.3d 361, 370, quoting Price v. Westinghouse Elec. Corp. (1982), 70 Ohio St.2d 131,132. The term "clearly inapplicable" has been interpreted to mean that the courts should refrain from employing a particular civil rule "only when [its] use will alter the basic statutory purpose for which the specific procedure was originally provided in the special statutory action." Robinson, 81 Ohio St.3d at 670, quoting Price,70 Ohio St.2d at 133. Additionally, the 1970 Staff Notes to Civ.R. 1 explain that "the Civil Rules will be applicable to special statutory proceedings adversary in nature unless there is a good and sufficient reason not to apply the rules."
R.C. 309.05 states, in relevant part:
 On complaint, in writing, signed by one or more taxpayers, containing distinct charges and specifications of wanton and willful neglect of duty or gross misconduct in office by the prosecuting attorney, and filed in the court of common pleas, the court shall assign the complaint for hearing and shall cause reasonable notice of such hearing to be given to the prosecuting attorney of the time fixed by the court for hearing.
 We do not believe that there exists a good and sufficient reason why Civil Rule 56 should not apply in actions to remove a county prosecutor. The use of summary judgment will not alter the basic statutory purpose for which R.C. 309.05 was originally provided, especially since the record is clear that throughout this litigation, the parties have had ample time and opportunity to develop and present their respective arguments to the court. Accord, Woodman v. Tubbs Jones (1995), 103 Ohio App.3d 577 . But, see, White v. Pengov (Sept. 13, 2000), Lorain App. No. 99CA007515, unreported (holding that the civil rules have no application in an action for the removal of a public official). If it can be determined that no genuine issue of material fact exists, there is no reason to require the trial court to conduct a hearing on the merits of the plaintiff's complaint. The law does not require the performance of a vain act. See, e.g., Carlin v. Mambuca (1994), 96 Ohio App.3d 500, 512.
Furthermore, even if we were to assume that the use of Civ.R. 56 should be prohibited in actions brought pursuant to R.C. 309.05, we note that it appears as though Appellant did not assert this argument in the trial court. From the record, we can discern that the only instance where Appellant made a vague mention that there may be an issue surrounding the applicability of Civ.R. 56 to this type of proceeding was in the conclusion portion of her memorandum in opposition to Appellee's motion for summary judgment. Failure to raise an issue in the trial court generally waives the litigant's right to argue that issue on appeal. See, e.g., Varisco v. Varisco (1993), 91 Ohio App.3d 542, 545.
For the foregoing reasons, Appellant's first assignment of error is not well-taken and must be overruled.
In her second assignment of error, Appellant complains that the trial court erred by refusing to allow the disclosure of the information obtained during the grand jury proceedings in the case against Donald K. Miller. We must first point out that Appellant bases her argument, in part, on an affidavit filed by grand jury foreperson, Brenda L. Williams, on November 30, 1993. This affidavit states that Williams reviewed the trial transcripts of several witnesses who testified in the Donald Miller case and that there were "some inconsistencies" that she felt needed to be reviewed in the interest of justice.
This same affidavit formed the basis for Donald Miller's assertion, on direct appeal, that the trial court erred in denying his post-verdict motion to review the grand jury testimony. In that case, we overruled Miller's argument by finding that he failed to introduce "satisfactory reasons for disclosure of the transcripts * * *". State v. Miller (Jan. 11, 1995), Defiance App. No. 4-93-24, unreported. Thus, because of our previous decision, Appellant is precluded from attempting to relitigate this issue.
Appellant bases the remainder of her argument on a second affidavit executed by Brenda Williams in October 1999. In that affidavit, Williams states that during a 1994 meeting with various people involved in the Donald Miller case, she discussed what she felt to be an "impropriety and/or misconduct" in the prosecution which resulted in the conviction of an individual named Victor Overly. Overly was convicted of breaking and entering into the Word of Life Church, at which time he apparently stole privileged notes and turned them over to the prosecution. Williams also states that Appellee "threatened" her with jail if she revealed the alleged impropriety or misconduct. Appellant now argues that this affidavit should have prompted the trial court to order the disclosure of grand jury testimony. We are not convinced.
Crim.R. 6(E) provides, in relevant part:
 A grand juror * * * may disclose matters occurring before the grand jury, other than the deliberations of a grand jury or the vote of a grand juror, but may disclose such matters only when so directed by the court preliminary to or in connection with a judicial proceeding * * *.
 The secrecy of a grand jury proceeding must be preserved unless "the ends of justice require it [disclosure] and there is a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy." State v. Stojetz
(1999), 84 Ohio St.3d 452, 460, quoting State v. Greer (1981), 66 Ohio St.2d 139, at paragraph two of the syllabus. The determination of whether to disclose grand jury testimony is within the discretion of the trial court. Greer, at paragraph one of the syllabus. Thus, the decision is not subject to reversal in the absence of an abuse of discretion. We also note that a trial court may, where justice requires, order the disclosure of grand jury evidence in civil as well as criminal matters and that the "particularized needs" test applies regardless of the type of case involved. Wurth v. Emro Marketing Co. (1998), 125 Ohio App.3d 494, 499, citing Petition for Disclosure of Evidence (1980), 63 Ohio St.2d 212
.Herein, we conclude that Appellant has not demonstrated a particularized need for the disclosure of the grand jury evidence. The statements set forth in the affidavit, including the allegation that Appellee admonished the affiant about the possibility of jail time in the event that she violated the grand juror oath contained in R.C. 2939.06 and Crim.R. 6(E), are not satisfactory reasons to pierce the secrecy of the grand jury proceedings. We also agree with the trial court's well-reasoned opinion in that Appellant has several other means of discovering any misconduct on the part of the prosecutor with respect to the notes stolen by Victor Overly. These include interviewing the trial witnesses to ascertain whether the prosecution showed the notes, which were not introduced during trial, to these people in order to have their testimony conform with the contents. For these reasons, we find no abuse of the trial court's discretion.
Appellant's second assignment of error is not well-taken and must be overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
WALTERS, P.J.
BRYANT and HADLEY, JJ., concur.