{¶ 7} I respectfully dissent, as I would find that this is a final, appealable order.
 {¶ 8} A discussion of the evolution of the law is helpful to a discussion of the issue at hand. Under an earlier version of the law, an employee could control the prosecution of the appeal by dismissing his complaint. See Fowee v. Wesley Hall, Inc., 108 Ohio St.3d 533,2006-Ohio-1712, at ¶ 19, in which the high court recognized an employee's right to unilaterally dismiss a complaint filed in response to an employer's R.C. Chapter 4123 notice of appeal, as well as the applicability of the R.C. 2305.19 saving statute, prior to the June 30, 2006 amendment. Recognizing the inequities that arise in employer-initiated appeals, the Fowee majority stated that "[i]t seems reasonably clear that the General Assembly contemplated that the filing of the notice of appeal, not the complaint, commences the action." Id. at ¶ 10, quoting Robinson v. B.O.C. Group, Gen. Motors Corp. (1998),81 Ohio St.3d 361, 365. Furthermore, the majority recognized that "[r]egardless of who files the notice of appeal, the action belongs to the claimant *** [who] has the burden of going forward with evidence and proof to the satisfaction of the common pleas court, despite already having satisfied a similar burden before the Industrial Commission."Robinson, 81 Ohio St.3d at 366. The Fowee court held, under the prior version of the law, that an employer is entitled to judgment on its appeal when the employee dismisses his complaint in an employer-initiated appeal and fails to refile the complaint within one year *Page 5 
under the saving statute. Id. at ¶ 19. Accordingly, even under the prior version of the law, an employer who initiated an action by filing an appeal had recourse to obtain a resolution of its appeal in spite of the claimant's dismissal of the action.
 {¶ 9} Interestingly, in his concurrence in judgment only inFowee, Justice O'Donnell addressed the frustration experienced by employers in the circumstances under the prior version of the law where the employee, as claimant, could delay resolution of the matter by dismissing the complaint. Justice O'Donnell noted that "the General Assembly could correct" the situation and relieve employer frustration by amending the statute to "direct the employer in an employer appeal to file the complaint in common pleas court" while maintaining the burdens of proof and of going forward on the employee-claimant. Fowee at ¶ 29. Just over two months after the Fowee decision was released, the legislature addressed such employer frustration in another way by amending R.C. 4123.512(D) to provide that "the claimant may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal to court pursuant to this section." The statute was amended to prevent this from happening by adding that an appeal could not be voluntarily dismissed by the employee without the consent of the employer.
 {¶ 10} The majority in the case before this Court denigrates the proscription of the applicable version of the statute. The majority inferably recognizes an employer's ability to challenge a claimant's unilateral dismissal of the employer's appeal for the reason that worker's compensation appeals constitute special proceedings and the employer's substantial rights are implicated. The majority, however, has determined that Quality Mold has not invoked this Court's jurisdiction to consider Nixon's unlawful dismissal only because Quality Mold did not *Page 6 
seek relief below in the limited ways it believes the Second and Sixth District Courts of Appeals recognized.
 {¶ 11} Keller v. Johns Manville, 6th Dist. No. L-08-1315,2008-Ohio-5803, did not limit an employer's pursuit of a remedy before the trial court to a motion to strike the dismissal or a motion to reinstate the action. Rather, it merely held that the appellate court has jurisdiction to consider an employee's appeal from the trial court's granting of the employer's motion to strike the employee's Civ. R. 41(A) dismissal.
 {¶ 12} Anderson v. Sonoco Prods. Co. (1996), 112 Ohio App.3d 305, out of the Second District, recognized jurisdiction to consider an employer's appeal of the trial court's denial of both a motion to vacate the employee's notice of voluntary dismissal and its motion for default judgment. Although the Anderson court held that the employer was not entitled to default judgment, it did not hold that it had no jurisdiction to reach that decision.
 {¶ 13} I acknowledge that, ordinarily the denial of a dispositive motion is not a final, appealable order. However, workers' compensation appeals are special proceedings implicating substantial rights. BothAnderson and Keller recognized workers' compensation appeals as special proceedings. Both courts further stated that substantial rights were implicated where a party must otherwise wait to appeal. Specifically, the Anderson court asserted that an employer has a substantial right to mitigate its inability to recoup wrongfully paid benefits.
 {¶ 14} Quality Mold correctly asserts that "[t]he amendment [to R.C. 4123.512] does not state how the employer commences proceedings and a motion under Civil Rule 60(B) might be applicable." AlthoughAnderson was decided in 1996, long before the amendment to the statute, the current version is clearly not intended to place greater limitations or burdens on the employer as the majority now attempts to do. Based on the reasoning in Anderson, and that court's *Page 7 
recognition of authority to address the employer's motion for default judgment, I believe this Court has jurisdiction to address Quality Mold's motion to deny the claim. Accordingly, I would address the case on the merits and further reverse the judgment of the trial court. *Page 1