[Cite as *Antoun v. Shelly Co.*, 2016-Ohio-5042.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| RONALD ANTOUN, | ) | CASE NOS. 16 MA 0040 |
| | ) | 16 MA 0042 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| THE SHELLY CO., et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:        Motions for Reconsideration

JUDGMENT:                                          Motions granted.

APPEARANCES:
For Plaintiff-Appellee:

Atty. Frank Gallucci III
Plevin & Gallucci Co., L.P.A.
55 Public Square, Suite 2222
Cleveland, Ohio  44113

Atty. Paul Flowers
Paul W. Flowers Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio  44113

For Defendants-Appellants:

Atty. Lisa Reid
Assistant Attorney General
Workers' Compensation Section
20 West Federal Street, 3rd Floor
Youngstown, Ohio  44503

Atty. Kelly A. Johns
Reminger Co., L.P.A.
11 Federal Plaza Central, Suite 1200
Youngstown, Ohio  44503

JUDGES:
Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  July 13, 2016

PER CURIAM.

{¶1} Appellant The Shelly Company and Appellant Administrator, Ohio Bureau of Workers' Compensation (OBWC) separately appealed a judgment entry of the Mahoning County Common Pleas Court granting Appellee Ronald Antoun's (Antoun) motion to voluntarily dismiss his complaint without prejudice pursuant to Civ.R. 41(A)(1)(a). This Court sua sponte dismissed both appeals for lack of a final appealable order. OBWC and The Shelly Company each have filed motions for reconsideration of that entry and Antoun has filed a memorandum in opposition.

{¶2} Antoun was involved in a motor vehicle accident while working for The Shelly Company. OBWC initially allowed Antoun's workers' compensation claim for "cervical sprain/strain" and "lumbar sprain/strain." The Industrial Commission later administratively allowed Antoun's claim for "cervical disc placement C5-C6."

{¶3} Pursuant to R.C. 4123.512, which governs appeals to the courts of common pleas from decisions of the Industrial Commission, The Shelly Company appealed to the Mahoning County Common Pleas Court the final Industrial Commission order that additionally allowed the cervical disc placement. Also as required by R.C. 4123.512, Antoun filed his complaint. The case proceeded to discovery and a trial date was later scheduled for January 12, 2016.

{¶4} Prior to trial, on December 21, 2015, Antoun filed a motion to dismiss his complaint pursuant to Civ.R. 41(A)(1)(a). OBWC filed a memorandum in opposition and the Shelly Company filed to join in that memorandum in opposition. On March 4, 2016, the trial court granted Antoun's motion. OBWC and The Shelly Company separately appealed that decision to this Court which sua sponte dismissed the appeals for lack of a final appealable order. OBWC and The Shelly Company each have filed motions for reconsideration of the dismissals and the employee has filed a memorandum in opposition.

{¶5} Generally, as we noted in our entries dismissing these appeals, a voluntary dismissal pursuant to Civ.R. 41(A) does not adjudicate the merits of a claim, does not produce a prevailing party, and does not result in a final appealable order. *Merino v. Salem Hunting Club*, 7th Dist. No. 11 CO 2, 2012-Ohio-4553, ¶ 11.

However, because these appeals concern an appeal of a workers' compensation claim and the proceedings below qualify as a special proceeding as defined by R.C. 2505.02(B)(2), we will revisit whether the trial court's decision dismissing Antoun's complaint pursuant to Civ.R. 41(A)(1)(a) is a final appealable order.

{¶6} Pursuant to R.C. 2505.02(B)(2), an order is final if it affects a substantial right made in a special proceeding. A workers' compensation proceeding is a special proceeding as defined in R.C. 2505.02(A)(2). *Myers v. Toledo*, 110 Ohio St.3d 218, 2006-Ohio-4353, 852 N.E.2d 1176, ¶ 16. Thus, the question becomes whether the trial court's order in this instance affects a substantial right. A substantial right is a right that the constitutions, a statute, the common law, or a rule of procedure entitle a person to enforce or protect. R.C. 2505.02(A)(1).

{¶7} In this case, the trial court's decision unquestionably affects a substantial right of OBWC and The Shelly Company. That substantial right is expressly provided in R.C. 4123.512(D) in language added by a 2006 amendment. However, even prior to the statute's 2006 amendment, at least one appellate court had held that such a decision is a final appealable order. *Anderson v. Sonoco Products Co.*, 112 Ohio App.3d 305, 309, 678 N.E.2d 631 (2d Dist.1996). In *Anderson*, the Second District observed that, under the version of R.C. 4123.512(D) then in effect, an employee could properly use Civ.R. 41(B)(1) to dismiss the action, although they would nevertheless be required to refile their complaint within one year thereafter. Because the employee would continue to receive benefits in the meantime which the employer may not be able to recoup, the Second District held that the order denying the employer's motion to strike the employee's purported voluntary dismissal affected a substantial right of the employer, since it precluded meaningful relief from an allegedly unlawful order until the matter could be heard by the trial court following a refiling.

{¶8} Am.Sub.S.B. No. 7, effective June 30, 2006, amended R.C. 4123.512(D) to expressly provide that "the claimant may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal to the court pursuant to this section." In this instance, The Shelly Company,

as the employer, was the party that filed the notice of appeal to the common pleas court. Antoun, as the claimant, was required by R.C. 4123.512(D) to obtain The Shelly Company's consent prior to dismissing his complaint. Antoun did not obtain The Shelly's Company consent to dismiss the complaint. Therefore, the trial court's decision dismissing the complaint without that consent violated R.C. 4123.512(D) and affected a substantial right. Thus, the decision constitutes a final appealable order. Motions for reconsideration granted. Appeal continues.

Robb, J., concurs.

Donofrio, J., concurs.

Waite, J., concurs.