OPINION
This worker's compensation case arises from an application for payment of occupational disease benefits filed in September 1996 by plaintiff-appellee Lori Young.[1] Ms. Young's application alleged that while employed with defendant-appellant Bridgestone APM Co., she was exposed to hazardous chemicals that caused her to develop Non-Hodgkin's Lymphoma. On October 16, 1998, the Bureau of Worker's Compensation denied Ms. Young's claim, based on certain medical evidence that suggested the lymphoma might have predated her employment with Bridgestone.
Ms. Young appealed the Bureau's order, but on December 27, 1996, a hearing officer for defendant-appellee Industrial Commission of Ohio affirmed the denial of benefits. Ms. Young sought review of the December 27 order, and in February 1997, the order was reversed and Ms. Young's claim was allowed.
Pursuant to R.C. 4123.512, Bridgestone filed a notice of appeal of the February 1997 order to the Hancock County Court of Common Pleas. On April 24, 1997, Young filed her complaint in response to the notice, alleging that she was entitled to participate in the Worker's Compensation Fund. Discovery commenced between the two parties, and on February 27, 1998, Bridgestone filed a motion for summary judgment.
Instead of filing a response to the motion for summary judgment, Young filed a notice of voluntary dismissal of the complaint without prejudice pursuant to Civ.R. 41(A) (1) (a). Bridgestone then filed several motions, including a motion for default judgment, a motion to strike Young's notice of dismissal, a motion to vacate Young's notice of dismissal, and a motion to dismiss Young's complaint with prejudice for failure to prosecute. In its several motions, Bridgestone essentially contended that Young had no right to voluntarily dismiss her complaint because such dismissal prejudiced Bridgestone's right to appeal the decision of the Industrial Commission.
On April 13, 1998, Young filed a memorandum contra
Bridgestone's several motions, arguing that the Ohio Supreme Court's decision in Robinson v. B.O.C. Group, General Motors Corp.
(1998), 81 Ohio St.3d 361 permitted her to voluntarily dismiss her complaint. Bridgestone argued in response that Robinson's holding was limited to dismissals under Civ.R. 41(A) (2) and did not apply to Young's voluntary dismissal under Civ.R. 41(A) (1) (a).
None of the foregoing memoranda noted that on January 21, 1998, the Ohio Supreme Court recognized a conflict on this issue among the appellate districts and in Kaiser v. Ameritemps, Inc.
(1998), 81 Ohio St.3d 1418, Docket No. 97-2510 had certified the following question for review:
 May a Worker's Compensation claimant use Civ.R. 41(A) (1) (a) to voluntarily dismiss an appeal to the court of common pleas brought by an employer appealing an adverse decision by the Industrial Commission pursuant to R.C. 4123.512?
The trial court, apparently recognizing that the issue was pending in the Supreme Court, took Bridgestone's motions under advisement for nearly one year. On February 10, 1999, the Supreme Court handed down its decision in Kaiser v. Ameritemps, Inc. (1999),84 Ohio St.3d 411, answering the certified question above in the affirmative and expressly holding:
 A worker's compensation claimant may employ Civ.R. 41(A) (1) (a) to voluntarily dismiss an appeal to the court of common pleas brought by an employer under R.C. 4123.512.
Id. at syllabus. On March 19, 1999, the trial court denied all of Bridgestone's motions and held that the case had been dismissed under Civ.R. 41(A) (1) (a), on the authority of Kaiser. Both Bridgestone and the Industrial Commission now appeal the judgment of the Court of Common Pleas of Hancock County overruling, interalia, Bridgestone's motion to vacate Young's notice of voluntary dismissal,[2] and assert a single assignment of error for our review:
 THE TRIAL COURT ERRED IN SUA SPONTE DISMISSING THIS CASE AND THEREBY DISMISSING THE EMPLOYER'S APPEAL OF AN ADVERSE DECISION BY THE INDUSTRIAL COMMISSION PURSUANT TO R.C. 4123.512
Neither Bridgestone nor the Industrial Commission dispute that Kaiser applies to this case. Instead, both present arguments apparently designed to restrict the interpretation and application of the Kaiser syllabus. In Robinson v. B.O.C. Group, GeneralMotors Corp. (1998), 81 Ohio St.3d 361, 365, the Supreme Court noted:
 [T]his court has consistently found that in an employer-initiated R.C. 4123.512 appeal it is the claimant, not the employer, who presents a claim for relief. Accordingly, the fact that [the employer] commenced the instant action in the common pleas court does not preclude [the] claimant from voluntarily dismissing it pursuant to Civ.R. 41(A). * * * * It is inconsistent to withhold from claimant the voluntary dismissal provisions of Civ.R. 41(A), on the basis that it is not [her] action to dismiss, yet apply against claimant the involuntary dismissal provisions of Civ.R. 41(B), on the basis that it is claimant's action to prosecute. (emphasis added)
As previously noted, pursuant to the Kaiser syllabus, a claimant may "voluntarily dismiss an appeal to the court of common pleas brought by an employer." Kaiser, 84 Ohio St.3d 411, syllabus. Thus, under the foregoing language from Robinson, and the express syllabus language of Kaiser, it is clear that the trial court correctly determined that Young's notice of voluntary dismissal had the effect of dismissing Bridgestone's appeal.
It is beyond dispute in Ohio that "[t]he syllabus of a Supreme Court opinion states the controlling point or points of law decided in and necessarily arising from the facts of the specific case before the Court for adjudication." Sup.Ct.R.Rep.Op. 1(B); see also, e.g., State ex rel. Canada v.Phillips (1958), 168 Ohio St. 191, paragraph six of the syllabus. Although we are mindful that "any syllabus holding announced by the Supreme Court must be considered in connection with the underlying opinion and in light of the questions, facts and statutes at issue in the case," e.g., Egan v. National Distillers Chemical Corp. (1986), 25 Ohio St.3d 176, 178, the issue presented by the instant case is identical to that addressed by the Supreme Court in Kaiser. As such, it cannot be argued that the Kaiser syllabus does not apply to these facts.
Nevertheless, apparently unwilling to accept that it was the intention of the Ohio Supreme Court to rule that a claimant could, in effect, permanently block or even terminate an employer appeal under R.C. 4123.512, Bridgestone and the Industrial Commission argue that the specific language of the Kaiser syllabus is, in fact, flawed and should be interpreted to read as follows:
 A worker's compensation claimant may employ Civ.R. 41(A) (1) (a) to voluntarily dismiss his or her complaint in an appeal to the court of common pleas brought by an employer under R.C. 4123.512. Brief of Defendants-appellees Industrial Commission of Ohio, at *1 (emphasis in original).
At the outset, we note that the original question certified to the Ohio Supreme Court expressly uses the phrase "voluntarily dismiss an appeal," rather than "voluntarily dismiss a complaint." See Kaiser v. Ameritemps, Inc. (January 21, 1998),81 Ohio St.3d 1418, Docket No. 97-2510 (certifying conflict). We also observe that the issue is framed as the dismissal of anappeal, rather than a complaint, on no less than two occasions in the Kaiser opinion on the merits. See Kaiser,84 Ohio St.3d at 412. Moreover, the Supreme Court had already dismissed one case presenting the effect of a voluntary dismissal of a complaint prior to accepting Kaiser for review. In Schade v. Bur. OfWorker's Comp. (June 18, 1997), 79 Ohio St.3d 1420, Docket No. 97-888, the Supreme Court certified the following question:
 In an appeal pursuant to R.C. 4123.512 from the Industrial Commission to a court of common pleas brought by an employer, is the claimant entitled to dismiss his or her complaint pursuant to Civ.R. 41(A) (1) (a)? (emphasis added).
The Court dismissed this appeal at Schade v. Bur. of Worker'sComp. (August 29, 1997), 79 Ohio St.3d 1478, Docket No. 97-888. Accordingly, based on Schade and upon Kaiser itself, it is abundantly clear that the Supreme Court intended to address the precise issue decided in the Kaiser syllabus.
Nevertheless, in support of the alternate interpretation of the Kaiser syllabus set forth earlier, we are urged to consider the following single statement from the text of the majority opinion in Kaiser, apparently intended to reassure dissenters concerned about a claimant prolonging or terminating an employee appeal:
 The voluntary dismissal of the claimant's complaint does not affect the employer's notice of appeal, which remains pending until the refiling of the claimant's complaint.
Id. at 415.
Unfortunately, the foregoing statement does not elaborate on the distinction to be drawn between the employer's notice of appeal and the appeal itself. Nor are we independently aware of any other mechanism in the law whereby a notice of appeal remains viable following the voluntary dismissal of that appeal. Moreover, even assuming such a residual viability exists under R.C. 4123.512 for purposes of keeping the appeal pending for the refiling period under R.C. 2305.19, the single statement from theKaiser opinion set forth above does not explain what happens to the notice of appeal or what procedure is to be followed when, as in the case before us, the complaint is not refiled.
Following up on the latter point, Bridgestone also argues that the trial court should have sustained its motions because Young was obligated to refile her case within one year of the March 16, 1998 dismissal and failed to do so. In support of this argument, Bridgestone quotes another portion of the Kaiser
opinion, also directed to concerns raised in the dissent, stating in part:
 [A]n employee cannot perpetually delay refiling after a voluntary dismissal because the savings statute, R.C. 2305.19, precludes claims refiled beyond a year from the time of the filing of the original complaint. If an employee does not refile his complaint within a year's time, he can no longer prove his entitlement to participate in the worker's compensation system.
Id.
However, Bridgestone's argument fails to consider that once Young dismissed her complaint pursuant to Civ.R. 41(A) (1) (a), the trial court lacked jurisdiction to decide its motions. Nor does the foregoing statement from the majority opinion in Kaiser
explain how the trial court is to proceed following the failure to refile in view of this jurisdictional reality — even assuming a notice of appeal may somehow still be pending.
We recognize the dilemma of Bridgestone's position, and also recognize that some unspecified default procedure following a claimant's failure to refile may have been contemplated in theKaiser decision. However, it cannot be said that the Supreme Court of Ohio failed to realize that these issues were unresolved when deciding the Kaiser case. Specifically, Justice Lundberg-Stratton's dissents in both Kaiser and Robinson point this out:
 The employer has no mechanism to force the claimant to promptly refile his or her case; the employer simply must wait for the claimant to make the next move, no matter how long. If the claimant never refiles, does the employer file a motion after one year to dismiss a case already dismissed in order to bring closure to the claimant's failure to pursue what was the employer's appeal?
Robinson, 81 Ohio St.3d at 372 (Lundberg-Stratton, J., dissenting).
 The majority reasons that a "voluntary dismissal of the claimant's complaint does not affect the employer's notice of appeal." Yet the employer's right of appeal is being controlled by the claimant. The employer is prevented from proceeding with the exercise of its statutory right by the claimant's inability to proceed. Should a claimant neglect to refile within one year, how does the employer proceed with the appeal?
Kaiser, 84 Ohio St.3d at 416-17 (Lundberg-Stratton, J., dissenting).
Because this case presents the very problem that Justice Lundberg-Stratton and the other dissenters warned of in Kaiser andRobinson, we cannot say that the Ohio Supreme Court was unaware of these concerns or intended to address them differently than as specifically stated in the syllabus of Kaiser. Thus, as the trial court has done, we also find the unambiguous syllabus of Kaiser to be controlling in this case. Accordingly, we overrule the single assignment of error, and affirm the judgment of the Hancock County Court of Common Pleas.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.
[1] This case was originally assigned to the accelerated calendar. However, pursuant to Loc.R. 12(5) we elect to render our decision via full opinion.
[2] This Court has sua sponte reviewed the trial court's judgment entry and determined it to be a final appealable order.