DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which granted appellee's motion to strike appellant's Civ.R. 41(A)(1) voluntary dismissal of his workers' compensation complaint. For the reasons set forth below, this court reverses the judgment of the trial court.
 {¶ 2} Appellant, Randy Miller, sets forth the following sole assignment of error:
 {¶ 3} "The court erred in granting Defendant-Appellee's Motion to Strike the Plaintiff-Appellant's Notice of Voluntary Dismissal." *Page 2 
 {¶ 4} The following undisputed facts are relevant to the issue raised on appeal. On January 28, 2004, appellant slipped on an oil spill in his workplace and sustained injury.
 {¶ 5} Appellant filed a claim with the industrial commission which was approved. The claim was subsequently amended to include aggravation of a pre-existing condition. The amended claim was allowed. Appellee, Land-O-Sun, appealed that decision to the trial court on August 18, 2006.
 {¶ 6} On September 14, 2006, appellant timely filed his complaint pursuant to R.C. 4123.512. On August 1, 2007, appellant voluntarily dismissed the complaint pursuant to Civ.R. 41(A)(1)(a).
 {¶ 7} On August 8, 2007, appellee filed a motion to strike appellant's voluntary dismissal. On November 2, 2007, the trial court granted appellee's motion to strike based upon amendments to R.C. 4123.512(D) which took effect on October 11, 2006. Amended R.C. 4123.512(D) prohibits employee initiated voluntary dismissals in the absence of employer consent.
 {¶ 8} In the sole assignment of error, appellant contends that the trial court erred in granting appellee's motion to strike his voluntary dismissal. The determinative factor underlying whether the trial court acted properly in granting the motion to strike is whether amended R.C.4123.512(D) was enacted on a prospective or retroactive basis.
 {¶ 9} This court recently faced this precise issue in the matter ofRohloff v. FedEx Ground, 6th Dist. No. L-07-1182, 2007-Ohio-6530, in which we determined that R.C. *Page 3 4123.512(D) applies prospectively only and is thereby inapplicable to claims arising prior to its effective date of October 11, 2006.
 {¶ 10} Given our FedEx holding, we need not belabor our analysis of this matter. Appellant's claim arose on January 28, 2004, the date of injury. Given this time frame, amended R.C. 4123.512(D) which became prospectively effective commencing on October 11, 2006, is inapplicable to this case. Appellee's motion to strike on the basis of the amended statute was not warranted. Appellant's assignment of error is found well-taken.
 {¶ 11} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR. *Page 1