KELLER, Appellant,

v.

Johns MANVILLE et al., Appellees.

[Cite as *Keller v. Johns Manville*, 178 Ohio App.3d 691, 2008-Ohio-5803.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–08–1315.

Decided Oct. 29, 2008.

George N. Fell II, for appellant.

Robert P. King and Mark S. Barnes, for appellee Johns Manville.

Nancy Hardin Rogers, Attorney General, and Carolyn S. Bowe, Assistant Attorney General, for appellee Administrator, Bureau of Workers' Compensation.

Per Curiam.

{¶ 1} On September 10, 2008, appellee Johns Manville filed a motion to dismiss[1] the appeal filed by appellant, Dorothea Keller, in this workers' compensation appeal. Johns Manville argues that the order from which Keller has appealed is not final and appealable. Keller has filed the memorandum in opposition to the motion to dismiss, as has the Ohio Bureau of Workers' Compensation ("BWC"). Finally, Johns Manville filed a reply memorandum in support of its motion to dismiss. This matter is now decisional.

{¶ 2} Keller was injured while in the employ of Johns Manville in 1997. On November 2, 2006, Keller filed a motion with the BWC to have her original 1977 injury claim additionally allowed for the new conditions of degenerative arthritis, left knee, and lateral meniscus tear, left knee. The Ohio Industrial Commission allowed Keller's claim for the additional conditions.

{¶ 3} Johns Manville filed a notice of appeal to the Lucas County Court of Common Pleas pursuant to R.C. 4123.512. Keller filed a complaint, and Johns Manville, as well as the BWC, filed answers to the complaint. Keller voluntarily dismissed the complaint pursuant to Civ.R. 41(A)(1)(a), with the right to refile within one year. Johns Manville filed a motion to reinstate the case to the court's docket, stating that Keller had failed to obtain its consent prior to voluntarily dismissing her appeal. As grounds for its motion to reinstate, Johns Manville stated that R.C. 4123.512(D), revised by Senate Bill 7 in 2006, now provides that a "claimant may not dismiss the complaint without the employer's consent if the

---

1. An identical motion was mistakenly filed by Johns Manville on October 7, 2008. Finding that this motion merely duplicates the original motion, the court hereby orders the October 7, 2008 motion stricken from the record.

employer is the party that filed the notice of appeal to the court pursuant to this section."

{¶ 4} The judge of the Lucas County Court of Common Pleas granted Johns Manville's motion to reinstate, finding that Keller's November 2, 2006 motion requesting allowance of additional conditions was a new claim having been made after the effective date of the revisions to R.C. 4123.512(D) and, therefore, the new revisions apply. On July 21, 2008, the Lucas County Court of Common Pleas reinstated Keller's complaint and set the matter for trial. It is from this order reinstating Keller's complaint that she has filed her appeal to this court.

{¶ 5} Johns Manville argues that the trial court's July 21, 2008 order is not final and appealable[2] pursuant to R.C. 2505.02, which states:

{¶ 6} "(A) As used in this section:

{¶ 7} "(1) 'Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.

{¶ 8} "(2) 'Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.

{¶ 9} "(3) 'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, * * *.

{¶ 10} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 11} "(1) * * *

{¶ 12} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

{¶ 13} Our analysis of this issue begins with a case from the Second District Court of Appeals, *Anderson v. Sonoco Prods. Co.* (1996), 112 Ohio App.3d 305, 678 N.E.2d 631. In that case, which is also a workers' compensation case, the procedure was identical to that in the instant case up to the point when the trial court ruled on the employer's motion to strike the voluntary dismissal. Unlike the instant case, in which the motion to strike was granted, the common pleas court in *Sonoco* denied the motion finding that the claimant could legitimately

---

2. Johns Manville cites *Myers v. Toledo,* 110 Ohio St.3d 218, 2006-Ohio-4353, 852 N.E.2d 1176, in support of its argument. However, the *Myers* case involves a discovery order in a workers' compensation case, not a dismissal order, and is not relevant.

dismiss his claim under Civ.R. 41(A)(1). Sonoco Products appealed to the Second District Court of Appeals.

{¶ 14} The Second District raised the issue of appealability sua sponte. The court held that the order denying Sonoco's motion to strike the voluntary dismissal is final and appealable pursuant to R.C. 2505.02(B)(2), since workers' compensation cases are special proceedings and the denial of the motion affected a substantial right of Sonoco's, because if Sonoco had to wait to appeal from this order until after the case was refiled and heard, it would be denied a meaningful remedy from the allegedly unlawful order. The court explained that because Anderson would continue to receive benefits during the time between the voluntary dismissal and the date of refiling his complaint, and Sonoco would not be able to recoup those benefits if they were later determined to have been unnecessarily paid, the voluntary dismissal affected a substantial right of Sonoco's.

{¶ 15} In 2007, this court heard two workers' compensation appeals from orders that denied an employer's motion to strike claimant's voluntary dismissal pursuant to Civ.R. 41(A)(1). In the first of those two cases, *Rohloff v. FedEx Ground*, 6th Dist. No. L–07–1182, 2007-Ohio-6530, 2007 WL 4277886, ¶ 10, this court stated that it "has determined that this appeal is taken from a final appealable order." We did not state on what basis we made this determination. However, *Anderson v. Sonoco Prods. Co.*, 112 Ohio App.3d 305, 678 N.E.2d 631, supports that determination. The second case, *Morrin v. DaimlerChrysler Corp.*, 6th Dist. No. L–07–1173, 2007-Ohio-6888, 2007 WL 4464969, relies solely on *Rohloff* but does not address the appealability issue.

{¶ 16} Admittedly, the instant case is different from both *Rohloff* and *Morrin* in that the order appealed from in this case *granted* the employer's motion to strike the claimant's voluntary dismissal. This precise situation is present in a case recently addressed by this court, *Miller v. Land–O–Sun Dairies, L.L.C.*, 6th Dist. No. L–07–1382, 2008-Ohio-2098, 2008 WL 1921713. In that case, this court decided an appeal that was taken from an order granting the employer's motion to strike the claimant's voluntary dismissal. We did not address the issue of appealability in that case, and it was not raised by either party. We find, however, that such an order is final and appealable, and we were not remiss in hearing that appeal.

{¶ 17} Following the analysis used in the *Anderson* case, we find that the order appealed in this present case is appealable pursuant to R.C. 2505.02(B)(2). This case is a special-proceeding workers' compensation case, as was *Anderson*. We find that Dorothea Keller's right to dismiss her complaint pursuant to Civ.R. 41(A)(1)(a) is a "substantial right," in that it is a right that "a rule of procedure" entitles her "to enforce or protect," as stated in R.C. 2505.02(A)(1). Finally, we find that Keller's substantial right is affected by the court's order, because if she

must wait to appeal until after a trial on the merits of her claim from the order requiring her to prosecute her complaint immediately, and it is later determined that she should have been allowed to dismiss the complaint and refile it within a year following the voluntary dismissal, she would have been denied the opportunity to have additional time for discovery and to prepare her case for trial.

{¶ 18} We acknowledge Johns Manville's argument that the order reinstating the complaint does not affect a substantial right of Keller's because the revision to the workers' compensation law clearly states that Keller had to obtain her employer's consent before dismissing the complaint under Civ.R. 41. However, this argument goes to the merits of Keller's appeal, which raises the issue of whether her claim arose in 1997, when she was originally injured, or in 2006, when she moved for an additional condition. We will not determine the appealability of an order on the basis of the merits of the appeal.

{¶ 19} Accordingly, the motion to dismiss is denied.

{¶ 20} We note that appellant has failed to attach a copy of the judgment she is appealing to her notice of appeal and has not filed a praecipe and docketing statement, as required by 6th Dist.Loc.App.R. 3. Appellant is ordered to rectify these omissions within ten days of the date of this decision, or her appeal will be subject to dismissal. It is so ordered. We further note that the record on appeal in this case was due to be filed on or before September 17, 2008, and that it has not been filed as of October 17, 2008. We sua sponte grant an extension of time to file the record within 15 days of the date appellant files her praecipe.

So ordered.

PIETRYKOWSKI, P.J., and HANDWORK and OSOWIK, JJ., concur.