DECISION AND JOURNAL ENTRY
{¶ 1} Defendant/Appellant, Quality Mold, Inc., appeals the judgment of the Summit County Court of Common Pleas denying Quality Mold's motion to deny Workers' Compensation Case No. 06-371758 filed by Plaintiff/Appellee, Eric S. Nixon. We dismiss.
 {¶ 2} On February 28, 2007, Quality Mold filed a notice of appeal with the trial court under R.C. 4123.512 appealing the February 2, 2007 decision of the Industrial Commission of Ohio, which allowed Nixon's claim for Workers' Compensation benefits as sought in claim number 06-371758 (the "Claim"). On April 10, 2007, Nixon filed his complaint as required by R.C. 4123.512(D). Quality Mold answered the complaint. The parties attempted to mediate the dispute but were unsuccessful. On November 28, 2007, Nixon dismissed his complaint without prejudice pursuant to Civ. R. 41(A). On April 29, 2008, Quality Mold filed a motion to deny the Claim because Nixon had failed to obtain Quality Mold's consent prior to dismissing his complaint as required by R.C. 4123.512(D). Nixon responded to Quality Mold's motion and *Page 2 
argued that he was not required to obtain Quality Mold's consent because this requirement was not in effect on the date of his injury. The trial court agreed and on June 13, 2008, the trial court denied Quality Mold's motion finding that Nixon's injury preceded the effective date of R.C. 4123.512(D)'s employer consent requirement. Quality Mold timely appealed and raises one assignment of error.
 Assignment of Error "The trial court erred in setting the effective date of amendment to ORC 4123.512(D) to commence contrary to Senate Bill 7 which set the effective date as June 30, 2006."
 {¶ 3} In its sole assignment of error, Quality Mold argues that Senate Bill 7 sets the effective date of R.C. 4123.512(D) as June 30, 2006, which date precedes Nixon's injury. Quality Mold maintains that because Nixon failed to obtain its consent prior to dismissing his complaint, the Claim must be denied. In its motion to deny, Quality Mold acknowledges that "[t]he amendment does not state how the employer commences proceedings and a motion under Civil Rule 60(B) might be applicable" but that it chose "to file a motion to deny the claim." The type of motion Quality Mold filed, however, leaves us without jurisdiction to consider this appeal because the trial court's June 13, 2008 order denying Quality Mold's motion to deny the claim is not a final appealable order.
 {¶ 4} It is generally true ?`[a] dismissal without prejudice leaves the parties as if no action had been brought at all.'" Denham v. NewCarlisle (1999), 86 Ohio St.3d 594, 596, quoting Deville Photography,Inc. v. Bowers (1959), 169 Ohio St. 267, 272. An administrative appeal, however, is created by statute and must be considered in context. Here, Quality Mold's choice of motion to attack the trial court's dismissal order leaves us without jurisdiction to consider this appeal. As noted by the Sixth District Court of Appeals in Keller v. Manville, *Page 3 
6th Dist. No. L-08-1315, 2008-Ohio-5803, a trial court's resolution of an employer's motion to strike a Civ. R. 41(A) dismissal or motion to reinstate a case dismissed pursuant to Civ. R. 41(A) would be final and appealable because an appeal pursuant to R.C. 2505.02(B)(2) is a special proceeding and the denial of such motion would affect a substantial right of an employer because being required to wait to appeal from an "order until after the case was refiled and heard" would deny the employer a "meaningful remedy[.]" Id. at ¶ 14, citing Anderson v. SonocoProducts Co. (1996), 112 Ohio App.3d 305.
 {¶ 5} Here, however, Quality Mold did not file a motion to strike or a motion to reinstate the action, the resolution of which would have affected a substantial right to a meaningful remedy as noted inKeller and Anderson, supra. Instead, Quality Mold moved to deny Nixon's claim, admittedly without legal support for its choice of motion. Inasmuch as other remedies exist as discussed herein, Quality Mold was not denied a substantial right and the trial court's June 13, 2008 order is not a final, appealable order.
 {¶ 6} Quality Mold's assignment of error is not addressed because this Court lacks jurisdiction over the appeal. The appeal, therefore, is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 4 
Costs taxed to Appellant.
WHITMORE, J. CONCURS.