O'FARRELL *v.* LANDIS ET AL.

[Cite as *O'Farrell v. Landis,* 135 Ohio St.3d 181, 2013-Ohio-93.]

*Election contests—R.C. Chapter 3515—Rules of Civil Procedure inapplicable—*
*Procedural motions denied—Election irregularities.*

(No. 2012-2151—Submitted January 15, 2013—Decided January 16, 2013.)

ON PROCEDURAL MOTIONS.

_____

**O'CONNOR, C.J., in Chambers.**

{¶ 1} This cause originated in this court on the filing of an election-contest petition pursuant to R.C. 3515.08(B) by the contestor, Joshua O'Farrell. O'Farrell moves to compel production of ballots pursuant to Civ.R. 37, to extend the deadline by which to submit evidence pursuant to R.C. 3515.16, and for leave to file a statement to supplement the motion to compel. For the following reasons, the motions are denied.

{¶ 2} This is an election contest regarding the office of state representative for the 98th House District for the state of Ohio, held in the November 6, 2012 general election. O'Farrell, a Democrat, and contestee Al Landis, a Republican, were the candidates.

{¶ 3} On November 26, 2012, respondent Tuscarawas County Board of Elections declared that Landis had defeated O'Farrell by a margin of 14 votes. Because the difference between the number of votes cast for Landis and for O'Farrell was less than one-half of one percent of the total vote, an automatic recount was conducted by respondents Tuscarawas and Holmes County Boards of Elections. R.C. 3515.011. On December 13, 2012, the Tuscarawas County Board of Elections declared that Landis had defeated O'Farrell by a vote of 23,393 to 23,385, a difference of eight votes.

**{¶ 4}** On December 24, 2012, O'Farrell filed this case, contesting the election. On that same day, the chief justice, pursuant to R.C. 3515.08(B), issued a scheduling order in accordance with S.Ct.Prac.R. 13.2 (now S.Ct.Prac.R. 14.02) and R.C. Chapter 3515. 133 Ohio St.3d 1510, 2012-Ohio-6099, 979 N.E.2d 1288.

**{¶ 5}** In the first count of O'Farrell's petition, he alleges that during the recount, the Tuscarawas County Board of Elections tied on its vote on a motion to have the board members review 14 ballots, one in each of 14 precincts. These ballots had been successfully scanned but had been flagged by staff or an election observer to be reviewed. Upon submission of the issue to the secretary of state to break the tie, the secretary of state instructed the Tuscarawas board to use the same ballot standard of review that he had instructed it to use on other ballots. The board reviewed the 14 ballots and "remade"—that is, created a new ballot reflecting the voter's intent, to be rescanned and added to the total votes in the recount—only one of the flagged ballots, thus narrowing the number of ballots at issue to 13. O'Farrell disagrees with the Tuscarawas board's actions, asserting that it should have remade all 14 ballots and that the failure to do so constituted an election irregularity.

**{¶ 6}** O'Farrell moved for an order to hand-count or permit inspection of the 13 ballots at issue in the first count of the petition, which the chief justice denied on January 8, 2012. 134 Ohio St.3d 1401, 2013-Ohio-18, 980 N.E.2d 1042.

**{¶ 7}** O'Farrell now moves for an order compelling production of the ballots under Civ.R. 37, to extend the deadline by which to submit evidence, and for leave to file a motion to supplement the motion to compel. Apparently the Tuscarawas board allowed O'Farrell's representative to visually inspect the ballots at issue in three precincts, but not those in the remaining ten precincts. He argues that he has a right to inspect these ballots under the Ohio Rules of Civil

Procedure. Landis responds that the civil rules do not apply in a special statutory proceeding, citing Civ.R. 1(C).

{¶ 8} Because this action is a special statutory procedure, O'Farrell cannot invoke the Ohio Rules of Civil Procedure to obtain discovery. The Ohio Rules of Civil Procedure provide that to the extent that they would by their nature be clearly inapplicable, they do not apply in "special statutory proceedings," except where the statute provides for procedure under the rules. Civ.R. 1(C)(7). R.C. 3515.12 provides that the court in which a contest of election is filed "may summon and compel the attendance of witnesses, including officers of such election, and compel the production of all ballot boxes, marking devices, lists, books, ballots, tally sheets, and other records, papers, documents, and materials which may be required at the hearing." The statute contains no reference to the rules of procedure. Thus, in accordance with Civ.R. 1(C)(7), R.C. 3515.12 governs discovery in an election contest.

{¶ 9} The statute provides that "[t]he style and form of summons and subpoenas and the manner of service and the fees of officers and witnesses shall be the same as are provided in other cases, in so far as the nature of the proceedings admits." R.C. 3515.12. While the parties may adhere to the "style and form" of summons and subpoenas envisioned by the rules of procedure, R.C. 3515.12 governs discovery in an election contest because the "nature of the proceedings"—that is, the expeditious and special nature of the elections contest—does not admit the strict application of the rules of procedure. R.C. 3513.12 therefore controls the procedures to be used for discovery in an election contest.[1]

---

1. This is not to hold invalid any discovery conducted to this point by either party under the apparent aegis of the civil rules. Any evidence so discovered will be admitted as if it had been conducted under R.C. 3515.12, except as specifically denied by the chief justice here or in future orders.

**{¶ 10}** To ultimately prevail in this election contest, O'Farrell must establish by clear and convincing evidence that one or more election irregularities occurred and that the irregularity or irregularities affected enough votes to change or make uncertain the result of the primary election. *Maschari v. Tone*, 103 Ohio St.3d 411, 2004-Ohio-5342, 816 N.E.2d 579, ¶ 21. O'Farrell failed to demonstrate the necessity for a recount or for inspection of the 13 ballots referred to in the first count of his petition because he failed to allege facts that identify genuine election irregularities in the first count of his petition. The same logic that supported the denial of O'Farrell's motion for a recount or inspection applies to O'Farrell's present motion to compel production of the ballots.

**{¶ 11}** Specifically, election irregularities must constitute more than a disagreement with a board of elections in the execution of its proper duties or an allegation that its members abused a discretion given them by statute. No case specifically defines an "election irregularity," but examples from numerous cases indicate that it must at least involve the potential violation of a constitution, statute, or rule pertaining to the election in question, or defective language on the ballot, or some other egregious defect or fraud in the ballot or election procedure. For example, in *Squire v. Geer*, 117 Ohio St.3d 506, 2008-Ohio-1432, 885 N.E.2d 213, ¶ 19, an election irregularity was found when a board of elections used a configuration of voting machines that was not certified by the secretary of state or the United States Election Assistance Commission as required by law. And in *In re Contest of Election Held on Stark Cty. Issue 6*, 132 Ohio St.3d 98, 2012-Ohio-2091, 969 N.E.2d 1172, the ballot language misstated the actual amount of the levy by ten times less than the actual amount; in *In re Election of November 6, 1990 for Office of Atty. Gen.*, 58 Ohio St.3d 103, 106–107, 569 N.E.2d 447 (1991), the ballot-rotation schedule was contrary to law. These violations of law and procedure constituted election irregularities.

**{¶ 12}** In contrast, here O'Farrell asserts that the Tuscarawas board failed to remake 13 flagged ballots. He does not assert that they failed to examine or consider the ballots or failed to follow the secretary of state's directive to use the same standard of ballot review that had already been employed by the board or that fraud was committed by the board in its failure to remake the ballots. Rather, he asserts that the board erred by refusing to remake the ballots. Instead of identifying the violation of a law or other egregious defect in the election or recount procedure, O'Farrell wants to substitute his judgment for that of the board. This does not amount to an election irregularity.

**{¶ 13}** Ultimately, the House of Representatives will decide the merits of O'Farrell's petition pursuant to R.C. 3515.14. O'Farrell will have the opportunity to present his arguments for a recount or visual inspection to the House when the election petition is before that body. But because O'Farrell has not yet identified a genuine election irregularity in the first count in his petition, a visual inspection or production of the ballots to support that count is not justified at this time.

Motions denied.

_____

McTigue & McGinnis, L.L.C., Donald McTigue, J. Corey Colombo, and Mark A. McGinnis, for contestor.

Taft, Stettinius & Hollister, L.L.P., W. Stuart Dornette, Donald C. Brey, and Beth A. Bryan, for contestee.

Ryan Styer, Tuscarawas County Prosecuting Attorney; and Crabbe, Brown & James, L.L.P., and Andy Douglas, Special Counsel, for respondent Tuscarawas County Board of Elections.

_____