[Cite as *Dillard v. Automation Tool & Die, Inc.*, 2013-Ohio-5645.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| GLEN DILLARD | C.A. No.     12CA0091-M |
| Appellant | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| AUTOMATION TOOL & DIE, INC., et al. | COURT OF COMMON PLEAS<br>COUNTY OF MEDINA, OHIO |
| Appellee | CASE No.     10CIV2236 |

DECISION AND JOURNAL ENTRY

Dated: December 23, 2013

---

BELFANCE, Presiding Judge.

{¶1}   Glen Dillard appeals the denial of his motion to dismiss pursuant to Civ.R. 41(A)(2).  For the reasons set forth below, we conclude that we are without jurisdiction to hear this appeal and dismiss for lack of jurisdiction.

I.

{¶2}   In 2009, Mr. Dillard suffered an injury while working for Automation Tool & Die, Inc. ("ATD").  He filed a worker's compensation claim, and the Industrial Commission granted a portion of his claim.  ATD appealed the Commission's decision to the court of common pleas pursuant to R.C. 4123.511 and 4123.512 on December 30, 2010.  Trial was set for May 7, 2012; however, on April 30, 2012, Mr. Dillard moved pursuant to Civ.R. 41(A)(2) to dismiss the case.  In his motion, Mr. Dillard explained that the parties disagreed about whether his disc injuries occurred as a result of the back injury sustained in the course of his employment and that, in early 2012, a doctor recommended that he undergo back surgery.  Mr. Dillard sought

dismissal to provide additional time to confer with his doctors and because the surgery could provide valuable information about the nature and origin of his injury. ADT opposed Mr. Dillard's motion, and the trial court eventually denied the motion to dismiss on October 24, 2012.

{¶3} Mr. Dillard has appealed, raising a single assignment of error for review.

II.

{¶4} Prior to briefs being submitted in this case, ADT submitted a motion to dismiss Mr. Dillard's appeal in which it argued that the trial court's denial of a Civ.R. 41(A)(2) motion did not constitute a final, appealable order. Mr. Dillard responded in opposition, and this Court deferred ruling on ADT's motion until the final disposition of the case.

{¶5} This Court has an obligation to ensure that it has jurisdiction to hear an appeal. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to hear appeals only from final judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2505.02. In the absence of a final, appealable judgment or order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. Medina No. 2930-M, 2000 WL 109108, *1 (Jan. 26, 2000).

{¶6} Mr. Dillard argues that the trial court's denial of his Civ.R. 41(A)(2) motion was a final, appealable order either because it affected a substantial right, *see* R.C. 2505.02(B)(1)-(2), or because it was a provisional remedy. *See* R.C. 2505.02(B)(4).[1] We disagree.

**R.C. 2505.02(B)(1)-(2)**

{¶7} R.C. 2505.02(B)(1)-(2) provides that

[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

---

[1] It is undisputed that R.C. 2505.02(B)(3) and (5) are inapplicable in this case.

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

"'Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

{¶8} Mr. Dillard argues that the trial court's denial of his motion to dismiss pursuant to Civ.R. 41(A)(2) affects a substantial right. In support, he points to decisions that have held that a trial court's striking of a Civ.R. 41(A)(1)(a) notice of dismissal affected an employee's substantial right. *See Keller v. Johns Manville*, 178 Ohio App.3d 691, 2008-Ohio-5803, ¶ 17 (6th Dist.) ("We find that [the employee's] right to dismiss her complaint pursuant to Civ.R. 41(A)(1)(a) is a 'substantial right,' in that it is a right that 'a rule of procedure' entitles her 'to enforce or protect,' as stated in R.C. 2505.02(A)(1)."). *See also Nixon v. Quality Mold, Inc.* 9th Dist. Summit No. 24314, 2008-Ohio-6618, ¶ 4 (citing *Keller* with approval). However, Mr. Dillard's argument fails to account for the distinctions between Civ.R. 41(A)(1)(a) and Civ.R. 41(A)(2). Civ.R. 41(A)(1)(a) permits "a plaintiff, without order of court, [to] dismiss all claims asserted by that plaintiff against a defendant by * * * filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant[.]" In other words, Civ.R. 41(A)(1)(a) gives, subject to some limitation, the plaintiff the procedural right to dismiss his or her complaint. *See Keller* at ¶ 17; *Nixon* at ¶ 4.

{¶9} By contrast, Civ.R. 41(A)(2) provides that "a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the

court deems proper." Unlike Civ.R. 41(A)(1)(a), "Civ.R. 41(A)(2) bestows no right or power of decision upon the claimant." *Robinson v. B.O.C. Group, Gen. Motors Corp.*, 81 Ohio St.3d 361, 370 (1998). Instead "Civ.R. 41(A)(2) * * * forces a judicial determination as to the propriety of the dismissal prior to its effectuation." [2] *Id*. at 371. Thus, we conclude that the trial court's denial of Mr. Dillard's Civ.R. 41(A)(2) motion to dismiss does not affect a substantial right as it is defined in R.C. 2505.02(A)(1) and, therefore, is not a final, appealable order under R.C. 2505.02(B)(1)-(2).

**R.C. 2505.02(B)(4)**

{¶10} Mr. Dillard also suggests, without developing an argument on this point, that the trial court's denial of his motion for dismissal is a final, appealable order pursuant to R.C. 2505.02(B)(4). R.C. 2505.02(B)(4) provides that

> [a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

A provisional remedy is

> a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised

---

[2] Although Mr. Dillard initially argues that Civ.R. 41(A)(1)(a) and (A)(2) provide equivalent rights to dismiss, he later recognizes the distinction between them when arguing that the trial court could have granted his motion despite the prohibition in R.C. 4123.512(D) of an employee dismissing an employer's appeal without the employer's consent. Because we dismiss this appeal for lack of jurisdiction, we express no opinion on that argument.

Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.

R.C. 2505.02(A)(3). Although ancillary is not defined, the Supreme Court has held that an ancillary proceeding is "one that is attendant upon or aids another proceeding." (Internal quotations and citations omitted.) *Community First Bank & Trust v. Dafoe*, 108 Ohio St.3d 472, 2006-Ohio-1503, ¶ 24.

{¶11} Given the Supreme Court's definition of an ancillary proceeding, it is difficult to see how a motion to dismiss would qualify. It is not an equitable remedy that is its own special proceeding like a preliminary injunction. *See id.* at ¶ 30. It does not aid the principal proceeding like the appointment of a receiver or a forced-medication order to restore a defendant's competency. *See id.* at ¶ 25. Instead, it brings the proceedings to a halt, much like a stay. *See id.* at ¶ 31. However, that is precisely why the granting or denial of a stay is not a final, appealable order: halting proceedings does not further the main action. *See id. See also Novak v. Studebaker*, 9th Dist. Summit No. 24615, 2009-Ohio-5337, ¶ 12, citing *Dafoe* at ¶ 28-31 (The denial of a stay is not a final, appealable order.). Thus, because a motion to dismiss does not further the principal proceedings and is not a separate proceeding ancillary to the worker's compensation appeal similar to a preliminary injunction, we conclude that it is not a provisional remedy as defined by R.C. 2505.02(A)(3).[3] Accordingly, the denial of Mr. Dillard's motion for dismissal pursuant to Civ.R. 41(A)(2) is not a final, appealable order under R.C. 2505.02(B)(4).

---

[3] We note that ATD argues that, even assuming Civ.R. 41(A)(2) was a provisional remedy, Mr. Dillard could not demonstrate that R.C. 2505.02(B)(4)(b) is satisfied in this case. *See Ibeto Petrochemical Industries Ltd. v. M/T Beffen*, 475 F.3d 56, 62 (2d Cir.2007) (concluding that the denial of a motion to dismiss made pursuant to the Federal Rule equivalent of Civ.R. 41(A)(2) is effectively reviewable following a final judgment). Regardless, we do not reach this issue.

III.

**{¶12}** In light of the foregoing, Mr. Dillard's appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

ANGELIQUE M. HARTZELL, Attorney at Law, for Appellant.

FRANK MAMANA, Assistant Attorney General, for Appellee.

THOMAS P. MAROTTA and MICHAEL S. LEWIS, Attorneys at Law, for Appellee.