[Cite as *Dillard v. Automation Tool & Die, Inc.*, 2016-Ohio-529.]

STATE OF OHIO         )         IN THE COURT OF APPEALS
                         )ss:      NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA    )

| | |
|---|---|
| GLEN L. DILLARD | C.A. No.     15CA0055-M |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| AUTOMATION TOOL & DIE, INC., et al. | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellees | CASE No.    10CIV2236 |

DECISION AND JOURNAL ENTRY

Dated: February 16, 2016

HENSAL, Presiding Judge.

{¶1}    Glen Dillard has attempted to appeal a journal entry of the Medina County Court of Common Pleas that granted Automation Tool & Die, Inc.'s (ATD) motion to strike his notice of dismissal under Civil Rule 41(A)(1)(a). For the following reasons, we dismiss the appeal.

I.

{¶2}    We summarized the history of this case in *Dillard v. Automation Tool & Die, Inc.*, 9th Dist. Medina No. 12CA0091-M, 2013-Ohio-5645:

> In 2009, Mr. Dillard suffered an injury while working for Automation Tool & Die, Inc. ("ATD"). He filed a worker's compensation claim, and the Industrial Commission granted a portion of his claim. ATD appealed the Commission's decision to the court of common pleas pursuant to R.C. 4123.511 and 4123.512 on December 30, 2010. Trial was set for May 7, 2012; however, on April 30, 2012, Mr. Dillard moved pursuant to Civ.R. 41(A)(2) to dismiss the case. In his motion, Mr. Dillard explained that the parties disagreed about whether his disc injuries occurred as a result of the back injury sustained in the course of his employment and that, in early 2012, a doctor recommended that he undergo back surgery. Mr. Dillard sought dismissal to provide additional time to confer with his doctors and because the surgery could provide valuable information about the

nature and origin of his injury. ADT opposed Mr. Dillard's motion, and the trial court eventually denied the motion to dismiss on October 24, 2012.

*Id.* at ¶ 2. Mr. Dillard appealed the common pleas court's denial of his motion to dismiss, but this Court dismissed the appeal, concluding that the denial was not a final, appealable order. *See id.* at ¶ 4-11.

{¶3} Following this Court's decision, Mr. Dillard filed a notice of voluntary dismissal pursuant to Civil Rule 41(A)(1)(a). ATD moved to strike the notice, arguing that Revised Code Section 4123.512(D) prohibited Mr. Dillard from dismissing his claim without the agreement of ATD. Mr. Dillard responded in opposition, arguing that his Civil Rule 41(A)(1)(a) notice divested the common pleas court of jurisdiction over his workers' compensation claims. He also argued that ATD's "reliance on [the] S.B. 7 amendment to R.C. 4123.512(D) is without merit[ ] as the statute is unconstitutional because it conflicts with Civil Rule of Procedure 41(A) and improperly intrudes into the Ohio Supreme Court's power to govern courtroom procedure, violates the equal protection clause contained in Section 2, Article I of the Ohio Constitution, and deprives [Mr. Dillard] of due process." The common pleas court granted ATD's motion and struck Mr. Dillard's notice of dismissal. Mr. Dillard has appealed, assigning as error that the common pleas court incorrectly granted ATD's motion to strike.

## II.

## JURISDICTION

{¶4} As a preliminary matter, we must determine whether we have jurisdiction to consider Mr. Dillard's appeal. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to consider appeals only from judgments or final orders. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2505.02. In the absence of an appealable judgment or final order, this Court must dismiss the appeal for lack of jurisdiction.

*Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. Medina No. 2930–M, 2000 WL 109108, *1 (Jan. 26, 2000).

{¶5} Section 2505.02(B)(2) provides that the definition of a "final order" includes "[a]n order that affects a substantial right made in a special proceeding * * *." The Ohio Supreme Court has determined that a workers' compensation proceeding is a special proceeding under Section 2505.02. *Myers v. Toledo*, 110 Ohio St.3d 218, 2006-Ohio-4353, ¶ 16. Accordingly, the common pleas court's order in this case qualifies as a final order if it "affect[ed] a substantial right." R.C. 2505.02(B)(2).

{¶6} According to Section 2505.02(A)(1), a "[s]ubstantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." Civil Rule 41(A)(1)(a) provides that a "plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by * * * filing a notice of dismissal at any time before the commencement of trial * * *." On its face, Rule 41(A)(1)(a) appears to create a substantial right because it gives plaintiffs the right to dismiss their cases any time before trial begins. For this reason, the Sixth District Court of Appeals has held that the rule bestows a substantial right on workers' compensation plaintiffs. *Keller v. Johns Manville*, 178 Ohio App.3d 691, 2008-Ohio-5803, ¶ 17 (6th Dist.).

{¶7} It is not disputed that Mr. Dillard did exactly what the plain language of Rule 41(A)(1) allows, which was to file a notice of dismissal before the trial of his case started. He, therefore, argues that the common pleas court's entry striking his notice of dismissal affected a substantial right, making it a final order under Section 2505.02.

{¶8} Although Rule 41(A)(1)(a) appears to create a substantial right for Mr. Dillard, we must examine whether the rule applies to workers' compensation proceedings. Civil Rule

1(C) provides that the civil rules, "to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (8) in all other special statutory proceedings * * *." The Ohio Supreme Court has determined that workers' compensation appeals pursuant to Section 4123.512 are "special statutory proceedings" under Rule 1(C). *Robinson v. B.O.C. Group, Gen. Motors Corp.*, 81 Ohio St.3d 361, 366 (1998).

{¶9} Because Mr. Dillard's appeal to the common pleas court was a special statutory proceeding, we must next determine whether Civil Rule 41(A)(1)(a) is a rule that "by [its] nature [was] clearly inapplicable to" the proceeding. In *Kaiser v. Ameritemps, Inc.*, 84 Ohio St.3d 411 (1999), the Ohio Supreme Court held that claimants under Section 4123.512 are "afforded all of the rights provided to him or her by the Rules of Civil Procedure[,]" including the right to voluntarily dismiss a complaint under Rule 41(A)(1)(a). *Id.* at 415-416. It made that determination, however, before the General Assembly added language to Section 4123.512(D) prohibiting claimants from "dismiss[ing] the complaint without the employer's consent if the employer is the party that filed the notice of appeal to court * * *." Following the amendment of Section 4123.512, the Supreme Court has written that its holding in *Kaiser* "has * * * been superseded by statute." *Bennett v. Admir., Ohio Bur. of Workers' Comp.*, 134 Ohio St.3d 329, 2012-Ohio-5639, ¶ 19 n.3.

{¶10} Despite the above language in *Bennett*, the Ohio Supreme Court has not squarely addressed whether Civil Rule 41(A)(1)(a) still applies to proceedings under Section 4123.512 or whether the rule now "by [its] nature" is "clearly inapplicable" to such proceedings. We, therefore, must address when a civil rule is "clearly inapplicable" to a special statutory proceeding. According to the 1971 Staff Notes for Civil Rule 1, "the Civil Rules [are] applicable to special statutory proceedings adversary in nature unless there is a good and sufficient reason

not to apply the rules." The Ohio Supreme Court, meanwhile, has explained that Rule 1 is "a rule of inclusion rather than exclusion." *Price v. Westinghouse Elec. Corp.*, 70 Ohio St.2d 131, 132 (1982). A rule is clearly inapplicable if its "use will alter the basic statutory purpose for which the specific procedure was originally provided in the special statutory action." *Id*. at 133, quoting *State ex rel. Millington v. Weir*, 60 Ohio App.2d 348, 349 (10th Dist.1978). Determinations must be made on a "case-by-case basis, depending on the statute involved." *Ramsdell v. Ohio Civ. Rights Comm.*, 56 Ohio St.3d 24, 27 (1990).

{¶11} In *Hambuechen v. 221 Mkt. N., Inc.*, 143 Ohio St.3d 161, 2015-Ohio-756, the Ohio Supreme Court applied the civil rules regarding service to a special statutory proceeding because the General Assembly had not specified a different time limit. *Id*. at ¶ 7. In *O'Farrell v. Landis*, 135 Ohio St.3d 181, 2013-Ohio-93, it held that the civil rules for discovery did not apply to election contests because Section 3515.12 contained specific language regarding procedure in those cases and "the expeditious and special nature of the elections contest—does not admit the strict application of the rules of procedure." *Id*. at ¶ 9. In *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357 (1994), the Supreme Court concluded that Rule 41(A) did not apply to parentage actions because Chapter 3111 required such actions to result in a judgment or a compromise. *Id*. at 360-361. In *Ramsdell*, it rejected an argument that former Rule 6(E) could extend the time for filing a civil rights appeal, explaining that, if "the right to appeal is conferred by statute, the appeal can be perfected only in the mode prescribed by statute." 56 Ohio St.3d at 27. In *Tower City Props. v. Cuyahoga County Bd. of Revision*, 49 Ohio St.3d 67 (1990), it held that a property owner could not dismiss its tax appeal under Rule 41(A)(1)(a) because the dismissal would "render ineffective the board of education's right to review of a board of revision's valuation" and, thus, altered "the basic statutory design set forth in the statutes regarding tax valuations[.]"

*Id.* at 70. In *Anson v. Tyree*, 22 Ohio St.3d 223 (1986), it concluded that the methods of service outlined in Section 2703.20 did not conflict with Civil Rule 4.4(A) because actions under Section 2703.20 are special statutory proceedings. *Id.* at 225-226.

{¶12} In Section 4123.512(A), the General Assembly provided a specific method for perfecting workers' compensation appeals. Although subsection (D) indicates that further pleadings "shall be had in accordance with the Rules of Civil Procedure," it includes two exceptions, which are "that service of summons * * * shall not be required and * * * that the claimant may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal * * *." R.C. 4123.512(D). Examining the way the Ohio Supreme Court has applied Civil Rule 1(C)(8), it appears that the Court has allowed procedural requirements that the General Assembly has specifically written into a statute to supersede the civil rules if the statute creates a special statutory proceeding. *O'Farrell*, 2013-Ohio-93, at ¶ 9; *Ramsdell*, 56 Ohio St.3d at 27; *Anson*, 22 Ohio St.3d at 226. For this reason, we conclude that, because Section 4123.512(D) now specifically prohibits a workers' compensation plaintiff from dismissing his appeal without his employer's consent if the employer was the party who filed a notice of appeal, Civil Rule 41(A)(1)(a) no longer applies to such actions under Section 4123.512.

{¶13} Inasmuch as Rule 41(A)(1)(a) no longer applies to workers' compensation appeals in which the employer filed a notice of appeal, the rule could not have created a substantial right for Mr. Dillard that was affected by the common pleas court's decision to grant ATD's motion to strike. Accordingly, the court's entry is not a final order under Section 2505.02(B)(2).

{¶14} Mr. Dillard argues that the new exception in Section 4123.512(D) cannot be applied because it violates separation of powers, equal protection, and due process. With respect to his separation of powers argument, in light of Civil Rule 1(C)(8)'s language that applies to special statutory proceedings, there is no conflict between Section 4123.512(D) and Civil Rule 41(A)(1)(a). *See* Ohio Constitution, Article IV, Section 5(B) ("The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."). With respect to his equal protection and due process arguments, we note that Mr. Dillard did not develop his arguments in the common pleas court and, therefore, has not preserved them for appeal. *Howell v. Buck Creek State Park*, 144 Ohio App.3d 227, 231 (10th Dist.2001); *Howard v. Seidler*, 116 Ohio App.3d 800, 815 (7th Dist.1996).

{¶15} Mr. Dillard also suggests, without developing an argument, that the common pleas court's denial of his motion for dismissal is a final, appealable order pursuant to Section 2505.02(B)(4). That section provides that

> [a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that grants or denies a provisional remedy and to which both of the following apply:

> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

A provisional remedy is

> a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the

Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.

R.C. 2505.02(A)(3). Although ancillary is not defined, the Supreme Court has held that an ancillary proceeding is "one that is attendant upon or aids another proceeding." (Internal quotations and citations omitted.) *Community First Bank & Trust v. Dafoe*, 108 Ohio St.3d 472, 2006-Ohio-1503, ¶ 24.

{¶16} In Mr. Dillard's first appeal, we considered whether the common pleas court's denial of a motion to dismiss was final under Revised Code Section 2505.02(B)(4). *See Dillard*, 2013-Ohio-5645, at ¶ 11. This Court concluded that a dismissal without prejudice was similar to a stay in that it brought proceedings to a halt rather than aiding the proceeding and, therefore, was not a final, appealable order. *Id*. We see no reason to treat a unilateral dismissal differently.

## III.

{¶17} In light of the foregoing, we conclude that the order Mr. Dillard has attempted to appeal from is not a final, appealable order. We, therefore, lack jurisdiction to consider the attempted appeal.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶18} Although I agree with the majority that we lack jurisdiction to hear this appeal because Mr. Dillard has attempted to appeal from a non-final appealable order, I would not address his constitutional arguments.

APPEARANCES:

DAVID L. MEYERSON, Attorney at Law, for Appellant.

THOMAS P. MAROTTA and MICHAEL S. LEWIS, Attorneys at Law, for Appellee.

FRANK MAMANA, Assistant Attorney General, for Appellee.